Judge Birch
delivered the opinion of the court.
On the 20th May, 1848, the defendants filed their motion in the Lewis circuit court, to quash an execution Which had been issued by its clerk on a transcript from the docket of a justice of the peace.
The grounds of the motion were, first, that the judgment which was stated to be by confession, did not appear to have been taken on a day fixed by the justice for holding his court, and secondly, that it was not in writing.
The provisions of the act of 1835, under which these proceedings were conducted, are substantially retained in the code of 1845, and w-e think either of the causes sufficient under either law. A justice has no authority except as delegated by the statute, and which matters of form may be liberally and indulgently construed for reasons heretofore signified by this court, their authority can only be exercised in strict subordination to the terms and scope of its delegation.
The first and second sections of (the first article of the “act to establish justices’ courts and to regulate proceedings therein,” give those officers authority “to hold a court for the trial” of this particular class of cases, in common with those instituted by summons, from which we are scarce left to mere inference, that the confession, although subse *582 quently authorised in general terms, was intended to be made before the justice as “a court” holden periodically,, just as other judicial tribunals are.
In practice, these “courts” then conformed to the days directed to he appointed every month, now “every two months for the return of summons and were we at liberty to discuss the policy or the morality of the law, instead of the law itself, it might not be unworthy of consideration, whether a wider door for fraud should be thrown, open, by permitting a justice’s'docket to be made the daily medium of judgments and consequent liens, in favor of preferred creditors and particular friends, ta the virtual exclusion of others equally or more meritorious.
The other reason is even clearer and more conclusive. By the second section of the sixth article of the justices’ law, it is enacted that “no confession shall be taken or judgment rendered thereon, unless the confession be in writing, signed by the defendant, or some person by him authorised, and filed with the justice.” We do not feel called upon for a positive decision as to whether the docket of the justice, and consequently the transcript filed with the clerk, should shew that the confession was in writing before he would be justified in issuing an execution, upon it, because, in this case, it happened to be within the power of the defendants in the execution to introduce the former justice himself, who. was very properly permitted to testify, as well to the fact that the confession was merely oral, as that it was not taken on his regular court day..
For these reasons the judgment of the circuit court,, which, quashed? the execution in question, is affirmed.