## HUNTER et al. vs. REINHARD.

A judgment confessed before a justice of the peace on a day not his law day, is void.

### ERROR TO LAFAYETTE CIRCUIT COURT.

YOUNG & FIELD for plaintiff.

1. The only point raised in the court below, and it is the only point in dispute, is whether the judgments by confession, rendered by the justice, on a day different from the day set by him for his law day, is void. The judgments rendered were within the jurisdiction of the justice, and the requisites of the statute being complied with, the justice had the power to render said judgments on any day. 1 and 2 secs. of the 6th article under the head "justices' courts," Revised statutes of 1845.

2. The law gives no day for justices to hold their courts, and the day for the trial of causes before justices of the peace, is set by themselves, and is unknown to the law; and if a justice could render a judgment by confession only on the day set by him for the return of summons, then the validity of every judgment rendered by confession before a justice of the peace, will depend upon matters in *pais*.

3. The statute requires every justice of the peace to appoint a day every two months for the return of summons issued by him, and requires every summons to be made returnable on that day. 1st sec. 2 article, under head "justices' courts," Revised statutes, Mo., 1845; and we claim and contend that there is nothing in this statute to prevent a party from appearing before a justice of the peace, on any other day than his law day, and confess judgment.

HAYDEN for defendant.

1. That the judgment of the justice of the peace, rendered in favor of the plaintiffs in error against the said George M. Grant, were and are null and void, and that the execution issued upon the transcript thereof, as well as the levies and sale of the lot to the said Richard, in virtue thereof, are also void, and that, therefore, the circuit court committed no error, either in sustaining the motion of said Richard to set the sale aside and to refund him the purchase money, nor in the overruling the motion of the plaintiffs. That the judgments are void, because they were rendered in vacation time by a justice out of court, and not in *term time by the court* of a justice of the peace.

2. That a justice of the peace has no power given in the statute to hold his terms or law days more frequently than one day in every two months, but on the contrary, the very fact that the statute provides for the holding of his terms once every two months, negatives the idea that he can hold them oftener. The court and its jurisdiction, and mode of proceedings, are mere creatures of the statute, and the justice can exercise no power, nor the power as given, otherwise than the statute prescribes, and therefore can only render judgment in term time.

3. That the fact that the justice of the peace has power given him to fix or point out the time of holding his courts, instead of having the terms fixed by the statute, as is the case as to the terms of the circuit courts, does not warrant a justice to render a judgment, *as a justice*, in vacation time, any more than a judge of the circuit court can render a judgment in vacation time, so as to give validity to it; the reason for the objection being the same in both jurisdictions.

4. That public policy is opposed to the judges of courts, whether inferior or superior, rendering judgments as they are travelling or moving about in vacation time. Creditors, by per-

mitting such a course of practice, will be in danger of losing their honest claims against fraudulent debtors, by having swept away beyond the reach of their process, (obtained at regular terms) the effects of the debtor, by executions issued upon *secret* judgments thus confessed, for debts not due, nor ever thought of.

RYLAND, Judge.

The points involved in this case are, in principle and in fact, so very similar to those decided by this court at last October term at St. Louis, in the case of Oyster and Shumate, that we refer to the opinion of the court in that case, and adopt it as the one governing this.

The judgment of the circuit court is therefore affirmed.

Judge BIRCH, concurring.