. HUFF, Respondent, *vs.* KNAPP, Appellant.

1. A justice of the peace has power to take a confession of judgment, on a day other than his regular law day. *Oyster* v. *Shumate*, 12 Mo., and *Hunter* v. *Reinhard*, 13 Mo., overruled.

*Appeal from Buchanan Circuit Court.*

J. B. Gardenhire, for appellant, relied upon .*Oyster* v. *Shumate*, 12 Mo. Rep. 580, and *Hunter* v. *Reinhard*, 13 Mo. Rep. 23.

*Leonard* and *Loan*, for respondent.   1. A judgment on confession rendered by a justice of the peace on a day other than a regular law day, is not erroneous, and cannot be impeached even in a direct proceeding.   It is no where provided in the statute, that a judgment by confession shall not be taken on any day other than a regular law day, and there is nothing in the general scope and tenor of the act, thus to limit the justice's power in this matter.   2. Even if-the judgments are irregular, the irregularity cannot be taken advantage of in a collateral proceeding.

GAMBLE, Judge, delivered the opinion of the court.

Huff commenced a civil action in the Circuit Court of Buchanan county to recover possession of a tract of land.   In his petition he claimed title to the premises under a sheriff's deed, by which the title of the defendant was conveyed to him.   The sale by the sheriff was made under two executions issued from the Circuit Court upon transcripts of two judgments confessed by Knapp in favor of Huff, before a justice of the peace, which transcripts had been filed in the office of the clerk of the Circuit Court.   The defendant, in his answer, admits the judgments before the justice, the filing of the transcripts, the issuing of the execution from the Circuit Court, the levy and sale by the sheriff to the plaintiff, and the execution of the sheriff's deed ; but asserts that the whole proceeding was inoperative and void, because, as he alleges, the pretended judgments confessed before the justice of the peace, were confessed on a day which was not a regular law day of the justice, and not a day to which any cause pending before the justice had been continued ; and that the confessions were not made at the office of said justice, but at some other place, and therefore, the judgments, and all subsequent proceedings, were void.   In his answer, the defendant admits that, at the date of the sheriff's sale to the plaintiff, he was in possession of the premises, and has ever since continued in that possession, holding under his

son, Ruliff Knapp, who, he says, owned the legal title to the land. The whole ground of the defence is, that the judgments were confessed before the justice of the peace, on a day other than a law day ; and on the record, it appears that the justice was called as a witness on the trial,.and testified to the fact, that he had fixed the days for the return of process before him, and that these judgments were confessed on a different day from his regular return day, and when there was no cause standing for trial.

1. It is apparent that the only question material to this case is, whether the judgments and proceedings under them are void ; for if they are not, then, as the defendant admits in his answer that he was in possession of the premises at the time of the sheriff's sale, and ever since, he must, as a matter of course, yield up the possession, as he will not be permitted to dispute the purchaser's title. The question of the validity of the judgments is distinctly raised in the answer of the defendant, and cannot be affected by any instructions given by the court ; and therefore, the instructions asked and given or refused on both sides, will not be noticed. The whole law of the case is presented on the pleadings.

In *Oyster* v. *Shumate* and *Ammerman*, 12 Mo. Rep. 581, a case was presented to this court, involving the power of a justice of the peace to take the confession of a judgment on a day other than his law day. In that case, an execution had been issued from the Circuit Court upon the transcript of a justice's judgment, and a motion was made to quash the execution. It appears from the opinion delivered in the case, that the Circuit Court had permitted the justice to testify on the hearing of the motion, and that he stated that the confession was made on a day other than his law day, and was not in writing, as required by the statute. The Circuit Court quashed the execution, and on error to that court the decision was affirmed in this court on both the grounds of the motion ; first, because the confession was not on a law day ; second, because it was not in writing. In *Hunter* v. *Reinhard*, 13 Mo. Rep.

23, the question was again before this court, whether a justice can take the confession of a judgment on any day other than his law day, and it was decided by a mere reference to *Oyster* v. *Shumate*, as governing the question. *Hunter* v. *Reinhard* was also a case of a motion to set aside an execution issued from the Circuit Court, and the levy and sale under it. The present attempt is to carry the doctrine of those cases still farther, and to have the law declared, that a purchaser at a sheriff's sale, made under an execution issued from the Circuit Court upon a transcript from a justice, may have his title defeated in a collateral action, by introducing the justice or any other witness who will testify that a judgment was rendered on a day other than the law day of the justice. It would only be under the pressure of authority not to be resisted, that we would admit such to be the law. In *Murray* v. *Laften*, 15 Mo. Rep. 623, a case was presented to this court at which the title of a purchaser at a sheriff's sale was impeached upon the ground that the execution which had been issued by the justice was made returnable in sixty days from its date, when the law requires that it should be made returnable ninety days from date. The transcript filed in the clerk's office showed an execution from the justice returnable ninety days from date, but upon the trial, the justice appeared as a witness and produced the original execution which was returnable sixty days from date, and he testified there was a mistake in the transcript, made in copying the execution. It was held that the title of the purchaser, under the execution which issued upon a transcript of apparently regular proceedings, before a justice of the peace, was not to be affected by the exhibition of evidence in a collateral action, showing that the execution issued by the justice was void. Reference is made to that case as containing the principles which will be applied to protect titles acquired under this description of proceedings.

In the statute establishing justices' courts, every justice of the peace is authorized to hold a court for the trial of actions enumerated in certain sections. The second section of article

one confers jurisdiction on justices over certain actions and proceedings, divided into classes, the fourth class of which is thus described : "Fourth, to take and enter judgment on the confession of a defendant, where the amount confessed shall not exceed the amount for which a justice is authorized to render judgment in an action." The second section of article six prohibits the entry of a judgment upon confession without process, unless the defendant voluntarily appears before the justice, and the confession be in writing, signed by defendant. The first section of the second article directs, that every justice of the peace shall appoint a day every two months, for the return of all summons by him issued ; and every summons shall be made returnable on such day, except in cases where it is otherwise specially provided. There are many clauses of the act which speak of the "term of the court," and the continuance of causes from one "term" to the next ; and indeed, it is the apparent intent of the act to cause the general disposition of the business of the justice to be made at fixed periods ; but still, it is equally apparent, from many provisions of the act, that the justice is not confined in the execution of his judicial functions to the days he may have appointed for the return of process. He may adjourn a cause to his next law day, or for a *longer time*, to enable the parties to obtain testimony, or for any *other period*, with the consent of parties. Art. 3, section 21. Every adjournment, upon the application of a party for the absence of a witness, shall be for such *reasonable time* as will enable the party to procure the witness. Art. 3, sec. 23. Every witness fined for non-attendance, may appear before the justice at any time before the *expiration of thirty days*, and show cause for its remission, and he may remit it. Art. 4, sec. 6. A judgment of non-suit or of default may be set aside upon cause shown, at any time within *ten days from its rendition*. Art. 5, sec. 9. These, and many other provisions show, that the act contemplates the justice acting judicially on other than his law days. In relation to the confession of judgments taken upon the voluntary appearance

of the parties, without process, there is nothing in the statute which prohibits their being taken on other than the law days of the justice; and when the provision is examined, it will appear to have been the intent of the act that they may be taken on any day. The first section of article six provides, that " a justice of the peace may enter a judgment by confession of the defendant, in any case where the amount does not exceed his jurisdiction." The next section declares, " that no confession shall be taken, or judgment rendered thereon, unless the following requisites be complied with: First, the defendant must personally appear; second, the confession must be in writing, signed by defendant and filed with justice." Then follows a proviso or explanation in these words: " nothing herein contained shall be construed to extend to confessions of judgment in actions commenced by process." Where the defendant has been brought before the justice, by process, returnable to his law day, no such forms are necessary to authorize the confession of the judgment. The forms prescribed, as they apply to other cases than those which would be regularly before the justice on his law day, are designed to be used in cases where the confession is on a different day, and are designed to guard individuals against the incautious or improper action of justices of the peace in entering judgments on confession, where no confession was intended to be made, or where some other individual may have personated the defendant. The written evidence of the confession is to be filed, and the person of the defendant is to be before the justice. In the opinion of the court, the act confers power and jurisdiction upon justices of the peace, by their style of office, and not upon their courts as such; and there is no resemblance, in this particular, between such courts and the courts of record, which possess powers under the law only, as they are open and acting as courts. There cannot, therefore, be any argument in this case drawn from the fact, that in vacation of the courts of record, the judges cannot exercise the powers of a court.

It is apparent, from what has been said, that we do not as-

sent to the law as stated in *Oyster* v. *Shumate*, and recognized in *Hunter* v. *Reinhard*, and it is proper that we state the opinion of the court thus early after those decisions have been made, that no injury may be done by the continued practice upon them by the courts of the state. It is only when we are satisfied that an error has been committed in the decisions of our predecessors, which may be corrected before it has become a rule of property, that we feel willing to interfere with previous adjudications. In our state, where the tenure of the judicial office is but for a short period, it is of the utmost importance that great delicacy should be observed, in overruling or shaking the authority of previous decisions. If in the change to which the court must be subject, the spirit of innovation and disregard of precedents shall find place, the administration of the law will become too uncertain, and too dangerous to the rights of the people to be endured. While we entertain this opinion, we feel that in a case like the present, we will unsettle no title, and do no injury, by overruling the cases of *Oyster* v. *Shumate*, and *Hunter* v. *Reinhard*.

It is the opinion of the court, there is nothing in the statute to forbid a justice from taking a confession and entering a judgment thereon, on other days than his law days, and that, on the contrary, the statute contemplates such practice.

One of the judgments in this case appears, on its face, to have been confessed by a writing signed by the defendant, who was present personally before the justice. The judgment, with the concurrence of the other judges, is affirmed.