CHAMBERLIN & CHURCHILL, Respondents, *vs.* THE MAMMOTH MINING COMPANY, Appellant.

1. The president is the proper party upon whom to serve process against a corporation, and may appear and confess a judgment for the corporation.
2. The statutory provision (R. C. 1845) that confessions of judgments before justices of the peace shall be in writing, by its express terms, does not extend to confessions in actions commenced by process.

*Appeal from Jefferson Circuit Court.*

This was a motion to quash an execution in favor of the respondents againt the Mammoth Mining Company, issued from the Circuit Court upon a transcript of a judgment recovered before a justice of the peace. At the trial, the transcript was read in evidence, in which the title of the cause was stated as follows : " Frederick B. Chamberlin " Co." & Levi Churchill, Thomas Felch, agent in Jefferson county, Mo., *vs.* The Mammoth Mining Co., by J. V. Redding." The justice testified that the word " Co.," which appeared upon the transcript, did not appear in the original entry upon his docket, and thereupon the court permitted him to alter the transcript, so as to make it conform to his docket. The transcript showed that process was served on J. V. Redding, and that upon the return day of the summons, Redding appeared for the company and confessed a judgment. A witness testified that Redding was then the acting president of the company.

The motion to quash was overruled, and the movers appealed.

*C. Jones,* for appellant. 1. The confession was not in writing, as required by statute. (R. C. 1845, tit. Justices'

State *v.* Blackwell.

Courts, art. 6, §2.)  2. Redding had no authority whatever to confess judgment for the company.  3. The court had no authority to permit the amendment.

*Noell,* for respondents.

SCOTT, Judge, delivered the opinion of the court.

It appears that Redding was the acting president of the Mammoth Mining Company.  He, being such, was the proper person on whom process against the corporation should have been served.  (R. C. 1845, tit. Corporations, 237.)  Any irregularity in the return of the officer serving the process was waived by appearance and confession.

As the suit was begun by process, there was no necessity that the confession should be in writing, as the statute is express, that the provision in relation to confessing judgments by writing, shall not extend to cases in which confessions are taken in suits commenced by process.  (R. C. 1845, tit. Justices' Courts, 656.)

Redding being the person appointed by law to defend the corporation, he was competent to confess the action.  He might have suffered a judgment by default, and the matter is not made worse by an appearance and confession.

The execution was regular, and there was no necessity for the amendment allowed to be made by the justice.  The other judges concurring, the judgment will be affirmed.