ADAM LOTH ET AL., Appellants, v. A. FACONESOWICH ET AL., Respondents.

St. Louis Court of Appeals, May 4, 1886.

1. JUSTICES—CONFESSIONS OF JUDGMENT—SUFFICIENCY OF STATEMENT. A mere written acknowledgment of indebtedness, filed by a debtor with a justice, which contains neither a formal confession of judgment, nor written authority to the justice to enter judgment, is not sufficient as the basis of a judgment where there is no antecedent process, and no voluntary appearance of the parties.

2. ——— THOMPSON, J., dissenting, holds that the authority to enter judgment need not be expressed, and is implied in such a statement.

3. ——— EXECUTION.—The statute, which requires that before any execution shall be issued by a justice, he shall state in his docket an account of debt, damages, and costs, is mandatory, and a compliance with it is essential to the issuance of a valid execution.

APPEAL from the St. Louis Circuit Court, AMOS M. THAYER, Judge.

*Reversed and remanded with directions.*

DAVID GOLDSMITH and FRANK HICKS, for the appellants: The judgment is invalid for want of jurisdiction of the judgment plaintiffs. Rev. Stat., sects. 2985,

2986; *Farmers' Bank v. Mather*, 30 Ia. 283; *Thayer v. Finley*, 36 Ill. 262. The statement filed was insufficient. *Henry v. Estes*, 127 Mass. 474 That the executions in question in the case at bar were issued in contravention of this statute is admitted; being in contravention of the statute, they were void. *King v. French*, 2 Sawyer Rep. 441; *Ling v. King*, 91 Ill. 571; Freeman on Judgments, sect. 557, p. 584; *Marvin v. Herrick*, 5 Wend. 109; *Stevens v. Chouteau*, 11 Mo. 382.

EBER PEACOCK, for the respondents: The statement was sufficient. Rev. Stat., sects. 2985, 2986. No formality is required. *Davis v. Wood*, 7 Mo. 162; *Frande v. Owens*, 25 Mo. 334; *Morse v. Brownfield*, 27 Mo. 224; *Hazeltine v. Reusch*, 51 Mo. 50; *Flanigan v. Hutchinson*, 47 Mo. 237; *Flesh v. Christopher*, 11 Mo. App. 484. The docket entries were not necessary conditions precedent to the issuance of the executions. *Fish v. Emerson*, 44 N. Y. 376; *Wearne v. Smith*, 32 Wis. 412. The writing up of the docket is a ministerial act, not a judicial one. *Morse v. Brownfield*, 27 Mo. 224; *Cabanne v. Spalding*, 14 Mo. App. 312; *Slemman v. Carey*, 57 Mo. 222; *Jones v. Hart*, 60 Mo. 351. The default, or negligence of the justice, shall not affect the judgment. Rev. Stat., 1879, p. 502, sect. 3011; *Jeffries v. Wright*, 51 Mo. 215. The confessions show the real consideration of each to have been money loaned to Faconesowich, and used by him in his business, excepting that of Labsap, who sold him goods. Notes are simply evidences of debts, not the debts themselves. These facts were developed on the trial below by the plaintiffs themselves. These facts being found in favor of the defendants, on testimony offered by the plaintiffs themselves, the appellate court will not consider them now. *Davis v. Fox*, 59 Mo. 125; *Cornet v. Beitelsman*, 61 Mo. 118; *Sharp v. McPike*, 62 Mo. 300; *Judy v. Bank*, 81 Mo. 404.

ROMBAUER, J., delivered the opinion of the court. The plaintiffs filed a bill for an injunction against the

defendants. The bill states in substance that the plaintiffs are attaching creditors of the defendant Faconesowich, who is insolvent, and who, March 3 and 4, 1885, pretended to confess fourteen judgments, before a justice of the peace, in favor of his present co-defendants. That executions were issued on such pretended judgments at once, and were delivered to the defendant constable, who, by pretext thereof, levied on all the property of the defendant Faconesowich, and threatens to sell it. That the plaintiffs, by due process of law, obtained, March 6, 1835, certain writs of attachments against said Faconesowich, which, on the same day, were levied on the same property seized under said pretended executions, and which the plaintiffs claim are a valid lien thereon.

The bill then states that the said pretended confessions of judgment are invalid, because formally insufficient, and because made with the intent and for the purpose of hindering, delaying, and defrauding the plaintiffs and other creditors. That the executions issued thereon are invalid for the further reason, because they were issued before any entry of said pretended judgments was made upon the justice's docket, and that in fact no entry thereof in any form was made upon the justice's docket, prior to the issue and levy of the plaintiffs' writ of attachment.

The bill prays for a vacation of the pretended entries of judgment, and the annulling of the executions issued thereon, and for an order directed to the pretended judgment creditors, and the constable, restraining them from enforcing said executions in any manner, against the goods attached by the plaintiffs.

The court issued a temporary restraining order, enjoining the defendants from enforcing said executions in any manner, and from continuing, prosecuting, or enforcing the levies thereunder. Subsequently, however, it appearing that the executions had been enforced by sale, prior to the service of this restraining order, and that the money proceeds of such sale were in the hands of the constable, this order was so modified as to enjoin

the constable from paying out or distributing any portion of the amount realized by sale made by him, until the further order of the court.

Upon a hearing of the bill on its merits, it was dismissed, and the injunction was dissolved.

A number of points have been argued by the appellants in this court, but we deem it necessary to consider only two of them, as they necessarily dispose of the entire controversy. These two points arise upon the following conceded facts:

March 3 and 4, 1885, the defendant Faconesowich filed with the justice of the peace fourteen papers. They are identical in form, excepting style and amount acknowledged to be due, and are, with such exception, all in words and figures, as follows:

" MRS. H. KROPP,  
　　　　v.  
" ANTON FACONESOWICH.

" Before Jeremiah Ryan, Justice of the Peace, Fifth District, City of St. Louis, Missouri.

" Now, on this third day of March, 1885, comes the defendant in open court and acknowledged himself indebted to the plaintiff, Mrs. H. Kropp, for the sum of one hundred and fifty dollars, with interest from date at the rate of eight per cent. per annum upon the note herewith filed, the same being for borrowed money.

" A. FACONESOWICH.

"Attest: JEREMIAH RYAN, Justice of the Peace.

" Sworn to and subscribed before me this third day of March, 1885.

" JEREMIAH RYAN,  
" Justice of the Peace."

With each paper was filed a note corresponding with the amount of debt acknowledged, and bearing interest from date at the rate of eight per cent. per annum.

Upon filing of these papers, the clerk of the justice

wrote on each underneath the jurat, by the direction of the justice: "Wherefore the justice doth adjudge that the plaintiff have and recover judgment against the defendant for [inserting amount], with eight per cent. interest from [inserting date], and costs of suit."

Immediately thereupon executions were issued to the defendant constable, who made the levies.

There is no pretense that anything was done beyond the matters hereinabove recited, prior to the issue and levy of the attachments under which the plaintiffs claim.

It will be seen from the foregoing that neither the documents themselves, nor any entry on the justice's docket, show any authority from the defendant that judgment should be entered against him for any amount. The appellants contend that this is a pre-requisite condition to the validity of a judgment by confession, when third parties are sought to be affected by such judgment. Our statute contemplates two kinds of judgments by confession before justices of the peace. The one, when the defendant is served with process, and appearing, admits the indebtedness. In that case both parties are before the court, and the justice may enter judgment upon an oral admission, because such admission is evidence in a pending suit. *Chamberlin v. Mining Co.*, 20 Mo. 96; *Franse v. Owens*, 25 Mo. 334. The second case is where the appearance of the defendant is voluntary and not in a pending suit, and where he appears for the purpose only of confessing judgment. In that case the confession must be in writing. Rev. Stat., sect. 2986.

We are not aware that it has ever been decided in this state, that a simple written admission of indebtedness, made in ever so formal a manner, without a confession of judgment thereon, and without authority in writing to enter judgment upon the admission, will satisfy the statute, in cases where the judgment is entered without prior process, or pendency of suit. It has been decided in Massachusetts, under a similar statute of Ver-

¡mont, that it does not satisfy it, and such decision conforms with the language of our statute which expressly requires a *confession* in writing, the word confession referring to the judgment, and not to the indebtedness.

Says the court in *Henry v. Estes* (127 Mass. 474): "The record of the justice of the peace, put in evidence, shows that the defendant appeared personally before the justice without antecedent process, and acknowledged the debt to be due the plaintiff; but it does not show that he agreed that such acknowledgment should be taken as a confession of judgment, or that judgment should be rendered thereon without antecedent process. Every allegation of the record would be true, if the parties had appeared before a justice of the peace, and the defendant in his presence had merely admitted that the debt to the plaintiff was due without any intention to agree that a judgment should be rendered thereon."

We must hold, therefore, that the alleged judgments, under which the defendants claim, are invalid, because entered in disregard of statutory requirements.

But the issue of the executions, at the time when they were issued, made them void, regardless even of the invalidity of the judgments. Our statute requires that before any execution is issued, the justice shall state in his docket, an account of debt, damages, and costs. Rev. Stat., sect. 3017. This was not done in the present instance. This section is the only one which provides for a lien on the defendants' goods and chattels, which is created by the delivery of an execution to the constable, and a strict compliance with its provisions was deemed so important that the law declares any violation of it a misdemeanor, and subjects the offending officer to a forfeiture of his office upon conviction.

That the executions in the case at bar were so issued in contravention of this statute is admitted. This, both on principle and authority, rendered them void, and the trial court should have so decreed. *King v. French,* 2 Saroy. 441; *Ling v. King,* 91 Ill. 571; *Marvin v. Her-*

*rick*, 5 Wend. 104; *Slevin v. Chouteau*, 11 Mo. 382; *Levin v. Welch*, 14 N. H. 294; Maxwell on Stat. 483.

The judgment is reversed and the cause remanded, with directions to the trial court to enter a decree in conformity with this opinion. All the judges concur.

THOMPSON, J., delivered a separate concurring opinion.

I concur in the opinion of the court upon the second point, that executions, issued by a justice before the cause is docketed, are void, but I do not concur upon the first point that the confessions of judgment were void. I do not think that according to the grammatical sense of section 2986, Revised Statutes, the word "confession," twice used therein, in either case refers to the word "judgment." I understand the meaning of the word confession to be the acknowledgment or avowal of some deserving matter pertaining to one's self. When, therefore, a party goes before a court or justice to do what is commonly called "confess a judgment," he confesses that he owes the debt, and authorizes the rendition of the judgment; and I agree with the reasoning of the opinion of the court in so far as it holds that in the instrument of writing by which, according to the terms of section 2986, Revised Statutes, this must be done, this authorization must in some way appear. But I think it immaterial whether it be given in express terms, or whether it appear by necessary implication. And I think it is fairly implied in the instruments which Faconesowich lodged with the justice in this case. Each instrument is entitled with the name of a plaintiff and defendant — "Mrs. H. Kropp v. Anton Faconesowich." There is here not only the statement that there is a plaintiff and defendant, but the next sentence of the caption, "Before Jeremiah Ryan, justice of the peace," etc., indicates that the plaintiff and the defendant are before Jeremiah Ryan, justice of the peace, as opposing parties for some judicial purpose. Then follows an acknowledgment, signed by this defend-

ant, and attested by this justice, and sworn to before him, that the defendant is indebted in a certain sum to this plaintiff upon a promissory note described, stating how the indebtedness arose, and that the note is "herewith filed." How any one can understand the meaning of this instrument in any other sense than as a solemn acknowledgment by a defendant of an indebtedness to a plaintiff before a judicial officer, for the purpose of having the officer render judgment in conformity with such acknowledgment, is more than I can see. The instrument is certain to a common intent and more. To my mind the meaning is absolutely free from doubt. But if it were doubtful, as long as the parties to it assent, I should not be prepared to say that it should be held void when assailed by third parties. This, to my mind, would be entirely opposed to the policy, which has always obtained in this state, on the most obvious and necessary grounds, of upholding statements of causes of action before justices of the peace, and of disregarding mere informalities of procedure before these popular tribunals, which do not prejudicially affect substantial rights. If these confessions of judgment by Faconesowich were fraudulent devices to hinder and delay other creditors, that is another question; but how they can be held void on their face, for uncertainty, is more than I can understand.