H. S. BURR & Co., Appellants, v. FRANK MATHERS & Co., Respondents.

### Kansas City Court of Appeals, December 5, 1892.

1. **Judgments:** CONFESSION OF AT COMMON LAW. At common law there were two kinds of judgment by confession: *First. Cognovit actionem,* where after service the defendant without plea confesses the cause of action is just; *second, relicta verificatione,* where after pleading and before trial the defendant both confesses the cause of action and withdraws the plea, and judgment is entered without trial.  In both cases regular process must have been served on defendant.

2. ———: CONFESSIONS OF BEFORE JUSTICE OF THE PEACE.   There are two kinds of judgment by confession before justices of the peace: *One,* when the defendant is served with process, and appearing admits the indebtedness; *the other,* where the appearance of the defendant is voluntary, not in a pending suit, and for the purpose only of confessing judgment, and does in fact confess it in writing signed by himself and filed with the justice.

3. ———: CONFESSION BEFORE JUSTICE OF THE PEACE.   Where plaintiff and defendant voluntarily appear before a justice of the peace, and plaintiff files a note with the justice, and defendant waives process, and *ore tenus,* without any writing, confesses judgment which the justice enters, the judgment is a nullity.

4. ———: ———: EVIDENCE IN ATTACHMENT: EXECUTIONS: CUSTODIA LEGIS. Judgments by confession before a justice of the peace, though nullities, are, if fraudulent, admissible in evidence on the trial of a plea *in abatement* to sustain an attachment on the ground that defendant was removing, concealing and disposing of his property, etc., but executions and returns thereon issued on such judgments are not admissible to show that the attached goods were *in custodia legis* at the issue and levy of the attachment; and besides they are not pertinent to any issue in the case.

5. **Custodia Legis:** WHEN PROPERTY IN: PROCESS.   It is only where property is lawfully taken by virtue of legal process that it is in the custody of the law.

6. **Judgment**: CONFESSION OF: PARTNERSHIP. No partner or joint obligor is bound by a judgment confessed by his copartner or co-obligor without his express authorization.

7. **Evidence**: ATTACHMENT: ADMISSIONS. The admission of a defendant in an attachment proceeding made at the time of the suing out the writ in reference to his indebtedness, etc., is admissible to sustain the attachment.

*Appeal from the Buchanan Circuit Court.*—HON. HENRY M. RAMEY, Judge.

REVERSED AND REMANDED.

*James W. Mytton* and *Benj. Phillip*, for appellants.

(1) Plaintiffs' evidence sustained the grounds for attachment charged in the affidavit, and should have been submitted to the jury. *Rainwater v. Faconesowich*, 29 Mo. App. 26, cases cited. (2) *First.* The judgments are judgments by confesssion. *Loth v. Faconesowich*, 22 Mo. App. 68; *Davis v. Wood*, 7 Mo. 651; Black on Judgments, sec. 50; *Chestnut v. Pollard*, 13 S. W. Rep. 825; *Boyd v. Fur. Co.*, 38 Mo. App. 212; *Flanagan v. Bruner*, 10 Tex. 257; Freeman on Judgments, sec. 544. *Second.* Being judgments by confession, they are void because no written statement or authority to the justice to enter the judgments was filed with that officer. Revised Statutes, 1889, sec. 6274; *Loth v. Faconesowich*, 22 Mo. App. 68; *Oyster v. Shumate*, 12 Mo. 580; *Beach v. Botsford*, 40 Am. Dec. 45, and cases cited in note; *Fenney v. Filer*, 8 Wend. 569; *Parker v. Griggs*, 1 South. (N. J.) 162; *Cliver v. Applegate*, 2 South. (N. J.) 479. *Third.* The judgments being invalid, it follows that the executions were void. *Wernecke v. Kennon*, 58 Mo. 352; *Weil v. Simmons*, 66 Mo. 617; *Albee v. Ward*, 8 Mass. 79; *Fithian v. Monks*, 43 Mo. 502; *Johnson v. Baker*, 38 Ill. 98; *Chase v. Dana*, 44 Ill. 262. *Fourth.* Property is

not in the custody of the law unless it has been seized by a valid levy under legal and valid process. *Gilman v. Williams*, 7 Wis. 329; *Cooley v. Davis*, 34 Iowa, 128; *Campbell v. Williams*, 39 Iowa, 646; *Munis v. Herrera*, 1 N. M. 362; *Cliver v. Applegate*, 2 S. Rep. 479. (3) The judgments and executions are not good, even as to Frank Mathers. *Stadler Bros. & Co. v. Allen*, 44 Iowa, 198; *Fox's Appeal*, 11 Atl. Rep. 228; 1 Black on Judgments, sec. 431. (4) It was not permissible to show that the constable had made a levy and was in possession of the goods at the time the sheriff attached. *First.* Because no such issue was raised by the pleadings. *Chouteau v. Boughton*, 100 Mo. 406. *Second.* Because the sheriff's return on the writ of attachment cannot thus be contradicted by a party to the suit. *State ex rel. v. Finn*, 100 Mo. 429; *Hallowell v. Page*, 24 Mo. 590; *Horton v. Railroad*, 26 Mo. App. 349; *Mfg. Co. v. Baker*, 35 Mo. App. 217.

*Johnson & Wilson*, for respondents.

(1) The judgments were not judgments by confession. The record of the justice shows the appearance of the plaintiffs, the filing of the notes with the justice, the appearance of the defendants to waive the issuance of process and the rendition of judgment upon the admission of indebtedness by defendants. The record clearly shows the institution of suits and regular proceedings thereon to judgment, and not judgments by confession. Revised Statutes, 1889, sec. 6136; *Loth v. Faconesowich*, 22 Mo. App. 72; 1 Black on Judgments, sec. 50; *Gerald v. Burthee*, 29 Tex. 202; 12 American & English Encyclopedia of Law, 439. (2) The mere fact that the word confess is used in the judgments does not make them judgments by confession. In justices' courts forms are disregarded, and it is not

expected that entries should be made with the accuracy and precision required in recording the acts of courts of record. *Frause v. Owens*, 25 Mo. 334. (3) But even though it might be contended these were judgments by confession, they are not void, and can only be attacked in a direct proceeding by a judgment creditor. *How v. Dorscheimer*, 31 Mo. 349; *Bryan v. Miller*, 28 Mo. 32; *Bank v. McDonald*, 46 Mo. 31; *Bryant v. Harding*, 29 Mo. 347; *McHenry v. Shepherd*, 2 Mo. App. 386. (4) It is conceded that at the time of the levy of plaintiffs' writs of attachment the only property levied upon was, at the time thereof, in the possession of the constable under executions issued on the judgments in evidence. It follows that the property being in the custody of the law was not subject to attachment. Drake on Attachments [5 Ed.] secs. 251, 267; 1 American & English Encyclopedia of Law, 916; *Metzer v. Graham*, 57 Mo. 410; *Patterson v. Stephenson*, 77 Mo. 329. (5) An irregular and informal confession of judgment made *bona fide* will not sustain an attachment on the ground of a fraudulent disposition of property. *Rainwater v. Faconesowich*, 29 Mo. App. 29. The judgments were valid as against Frank Mathers, and executions upon them were properly levied upon the partnership property of Frank Mathers & Co. *Grier v. Hood*, 25 Pa. St. 430; *Kidd v. Brown*, 2 How. Pr. (N. Y.) 20; *Candy Co. v. Walker & Brownfield*, 46 Mo. App. 482; 2 Bates on Partnership, secs. 1085, 1086; 17 American & English Encyclopedia of Law, pp. 1044-5.

SMITH, P. J.—This was an action of attachment brought by the plaintiffs against the defendants to recover $214.40, for merchandise sold and delivered by the former to the latter. The attachment was grounded on subdivisions 3, 4, 7, 8 and 14 of section 521, Revised

Statutes. The defendants by their plea in abatement: put in issue the alleged grounds for the attachment. There was a judgment in favor of the defendants upon a demurrer to the evidence, from which plaintiffs have appealed.

The plaintiffs, to maintain the issue in their behalf, introduced in evidence three several confessions of judgment recovered before a justice of the peace for the aggregate sum of $800. They were in favor of one Gann against the defendants herein, and were all similar except in amount. These judgments recited. that:

"Comes now, this third day of November, 1891, William T. Gann and files one note for $225, of date of March 2, 1891, bearing interest at the rate of eight per cent. from date until paid, and signed by F. Mathers & Co. By agreement of the defendant in the above-entitled cause, Frank Mathers, the summons is dispensed with, and judgment is hereby confessed by said F. Mathers & Co. The justice considers the plaintiffs. have judgment for the amount of note, which is $225, and the interest, amounting in the aggregate, to $237,. and the costs in this suit.

"JOHN T. MURPHY."

The justice, Murphy, testified that Gann came to him and inquired whether a suit could be instituted by agreement, and that he looked at the law and advised him that it could be done, and that on the next day Gann and defendant, Frank Mathers, one of the firm of Frank Mathers & Co., which was composed of said Mathers and John Racco, came to his office and Gann filed the three notes but no other writings, and Mathers agreed that the notes were correct and that summons should be dispensed with, and thereupon he rendered. the judgment on each note.

The defendants were permitted to introduce in evidence the executions and the returns thereon, which had been issued on the said judgments, to which the plaintiffs objected on the ground that there were no written statements made in support of any of said judgments. This objection, we think, was well taken, and should have been sustained. At common law there were two kinds of judgments by confession, the one a judgment by *cognovit actionem*, and the other by confession *relicta verificatione*. In the former the defendant *after service*, instead of entering a plea, acknowledges and confesses that the plaintiffs' cause of action is just and rightful. In the latter after pleading and before trial the defendant both confesses the plaintiff's cause of action and withdraws or abandons his plea or other allegation, whereupon judgment is entered against him without proceeding to trial. In order to sustain a judgment of either of these kinds it is *essential that process* regularly issued should have been served upon the defendant. Black on Judgments, sec. 50; Freeman on Judgments, sec. 554. There having been no process regularly issued or served upon the defendant, the judgments cannot, therefore, be upheld as common-law confessions of judgment.

This leads us to inquire whether they can be upheld under our statute. It provides that no confession shall be taken or judgment rendered thereon, unless the following requisites are complied with: *First*, defendant must personally appear before the justice in open court; *second*, the *confession must be in writing signed by the defendant* or by some person by him thereto lawfully authorized, and filed with the justice. Sec. 6274. In *Loth v. Faconesowich*, 22 Mo. App. 68, it was said: "Our statute contemplates two kinds of judgments by confession before justices of the peace. The one, when the defendant is *served with process*, and, appear-

ing, admits the indebtedness. In that case both parties are before the court, and the justice may enter judgment upon an oral admission, because such admission is evidence in a pending suit. *Chamberlin v. Mining Co.*, 20 Mo. 96; *Frause v. Owens*, 25 Mo. 334. The second case is where the appearance of the defendant is voluntary and not in a pending suit, and where he appears for the purpose only of confessing judgment. In that case the *confession must be in writing.*"

It is, therefore, obvious that these judgments were not authorized either by the common law or the statute. The confession of Mathers not being in writing, the justice was without jurisdiction to enter the judgments. The recitals on the face of the judgments show they were rendered without jurisdiction, and, therefore, they must be considered a mere nullity for all purposes. Black on Judgments, sec. 218; *Loth v. Faconesowich, supra; Oyster v. Shumate*, 12 Mo. 580; *Parker v. Griggs*, 1 Southard (N. J.) 161.

It, of course, inevitably follows, that, since the judgments were invalid, the executions issued thereon were likewise a mere nullity, and not admissible in evidence. These judgments were not based upon mere informal or irregular written statements or confessions, but upon no writing whatever, and are easily distinguishable from *How v. Dorscheimer*, 31 Mo. 349, and the other cases cited by defendants.

The confessions of judgment were also subject to the further objection that the defendant Racco, one of the partners, was not present, nor is there a pretense that he in any manner authorized the justice to render said judgments against him. Mathers, as a partner, could not confess a judgment against the firm or against his partner and himself, except in the manner indicated in the statute.

The law is quite well settled that no partner or other joint obligor is bound by a judgment confessed by his copartner or co-obligors without his express authorization. Freeman on Judgments, sec. 545; *McCleery v. Thompson*, 130 Pa. St. 443; *Hopper v. Lucas*, 86 Ind. 43; *Elliott v. Halbrook*, 33 Ala. 659; *Soper v. Fry*, 37 Mich. 236.

The interest of Racco in the property was not subject to the lien of the executions. The judgments and the executions were void as to him in any view of the case.

If these confessions of judgment by Mathers were fraudulent devices to hinder and delay other creditors of the defendants, they were admissible in evidence to maintain the affirmative of the issue in the attachment branch of the case. But it is quite difficult to understand upon what ground or for what purpose the executions were admissible. The defendants contend that they were admissible to prove that the merchandise of the defendants, which was seized by the constable under said executions prior to the levy of the plaintiffs' attachment thereon by the sheriff, was in *custodia legis*. It is only where property is lawfully taken by virtue of *legal process* that it is in the custody of the law, and not otherwise. *Campbell v. Williams*, 39 Iowa, 646; *Cooley v. Davis*, 34 Iowa, 128; *Gilman v. Williams*, 7 Wis. 329. As has already been remarked, the executions were issued and levied when there was no judgment, no authority for the execution whatever, and so that the defendants' merchandise, according to the rule just stated, was not in the custody of the law when seized under the attachment.

But suppose the contrary of our conclusion is true, still that cannot help the defendants' contention, for the reason that the executions and the return thereof were not admissible to prove any fact in issue in the case.

Looking at the allegations in the affidavit for the attachment, and the plea in abatement, and it becomes quite manifest that these executions did not tend to prove or disprove any issue of fact that thus arose in the case. Such evidence was only calculated to divert the attention of the jury from the decisive issues in the case, and should not have been admitted.

During the progress of the trial, the plaintiffs offered to prove, by a witness, some admissions the defendants had made at the date of the suing out of the attachment, as to their indebtedness, and when it accrued, which offer was by the court rejected. This was competent evidence, and should have been admitted along with the other evidence, as tending to sustain the grounds of the attachment.

While the evidence as presented by the abstract is not as full and complete as it should have been, still we think there was enough to have entitled the plaintiffs to a submission of the case to the jury under appropriate instructions. The judgment, therefore, will be reversed and the cause remanded. All concur.