J. R. WADE, Respondent, v. FRANKLIN SWOPE, Appellant.

**Kansas City Court of Appeals, May 30, 1904.**

1. **JUDGMENTS:** **Confession: Common Law.** In order to sustain a judgment by confession at common law it is essential that process was regularly issued and served upon the defendant.

2. ——: ——: **Justices' Courts: Statute.** Under the statute the defendant must personally appear before the justice in open court and his confession be in writing, signed and filed with the justice; but this formality appears only necessary when there is no regular process served upon the defendant.

3. ——: ——: ——: **Common Law: Statute: Service.** However when the defendant is served and appearing admits the indebtedness, judgment may be entered by confession and there is nothing in the statute forbidding it.

4. ——: ——: ——: **Default.** A judgment set out in the opinion is a judgment by confession and not by default.

Appeal from Pettis Circuit Court.—*Hon. George F. Longan,* Judge.

AFFIRMED.

*Barnett & Barnett* for appellant.

(1) The court erred in sustaining the plaintiff's motion to dismiss the defendant's appeal. R. S. 1899, sec. 4006. (2) Our present statute is an exact copy of

Wade v. Swope.

the statute of 1845, except in the statute of 1845, the following provision is contained: ''Nothing herein contained shall be construed to extend to confessions of judgments in actions commenced by process.'' Statutes of 1845, chap. 93, art. 6, sec. 2. (3) Among the recognized rules of construction of legislative acts are that the courts must give some meaning to the act wherever possible and that in construing a statute and arriving at its meaning the courts must consider the statute as it previously existed, the mischief and the remedy which the legislature had in view.   Duff v. Karr, 91 Mo. App. 16;   Grimes   v.   Reynolds,   94   Mo.   App.   576; Sales v. Asphalt Co., 166 Mo. 671; Meyers v. Ins. Co., 92 Mo. App. 392. The effect of this amendment has never been considered by our courts. As Chamberlain v. Mining Co., 20 Mo. 96, and Franse v. Owens, 25 Mo. 334, were decided under the Statute of 1845, the courts in these cases expressly base their decisions upon the qualifications contained in the statute then in force.   While in Burr & Co. v. Mathers, 51 Mo. App. 470, the effect of the amendment in question was not considered, and indeed, was not involved.   The same is true in Loth v. Faconesowich, 22 Mo. App. 68.

*W. D. Steele* for respondent.

(1)   The court committed no error in sustaining the plaintiff's motion to dismiss the defendant's appeal. The transcript shows clearly that the judgment is a judgment by confession and no appeal is allowed under our statutes from a judgment by confession. R. S. 1899, sec. 4059.   (2)   ''A justice of the peace may enter judgment by confession of the defendant in any case where the amount confessed shall not exceed the amount for which a justice is authorized to render judgment in an   action.''   R. S. 1899, sec. 4005;   R. S. 1899, sec. 4006; R. S. 1889, sec. 6274.   The statute of 1845 as amended, and section 4006, R. S. 1899, as it now

stands, has been construed and analyzed by this court, in the case of Burr v. Co. v. Mathers & Co., 51 Mo App. 475. Section 6274, Loth v. Faconesowich, 22 Mo. App. 68.

SMITH, P. J.—This case originated before a justice of the peace. From the judgment of the justice an appeal was taken to the circuit court where a motion to dismiss it—the appeal—was sustained on the ground that the judgment was by confession, and therefore no appeal could lie from it. The transcript of the justice's docket contained the following entry:

"State of Missouri, County of Pettis. J. R. Wade v. Franklin Swope.

"Civil suit for damages in the court of Justice Wheeler, justice of the peace of LaMonte township, Pettis county, Missouri.

"August 5th, 1902.—Now comes the plaintiff J. R. Wade, by his attorney, G. M. Smith, and files statement and complains of Franklin Swope in that he has failed to comply with his contract, by which failure, plaintiff is damaged in the sum of $105, for which sum plaintiff asks judgment and orders summons to issue, which is done and placed in the hands of A. E. Fleming, constable, returnable August 16, 1902, at 10 o'clock, a. m. August 10, 1902, this case is continued to August 29, 1902, at 10 a. m. August 29, 1902, summons returned, served as the law directs and the above cause coming on to be heard, plaintiff and defendant present; the petition of plaintiff wherein he claims $105, damages being read by G. M. Smith, attorney for plaintiff. Defendant confesses judgment for the amount claimed. It is therefore adjudged by the justice that plaintiff recover of the defendant the sum of $105, found and confessed, together with his costs herein expended taxed at $6.30 and that he have execution therefor.

"JOHNSON WHEELER,
"Justice of the Peace."

We have no doubt that this judgment was by confession. The defendant was served with process and appeared before the justice and confessed that the plaintiff was entitled to the damages claimed by him on account of the breach of a certain contract. At the common law there were two kinds of judgments by confession: the one, a judgment by *cognovit actionem,* and the other by confession *relicta verificatione.* Black on Judgments, section 50. In order to sustain a judgment of either of these kinds it is essential that process regularly issued has been served on the defendant. Burr v. Mathers, 51 Mo. App. 470. The judgment of the justice just quoted shows on its face every essential required to render it valid.

The statute, section 4006, provides that no confession of judgment shall be taken or judgment rendered thereon unless, (1) the defendant personally appear before the justice in open court, or (2) the confession be in writing signed by the defendant or some person by him thereto lawfully authorized, and filed with the justice. In Loth v. Faconesowich, 22 Mo. App. 68, it was said, "our statute contemplates two kinds of judgments by confession before justices of the peace. The one, when the defendant is *served with process* and appearing admits the indebtedness. In that case both parties are before the court and the justice may enter judgment upon an oral admission because such admission is evidence in a pending suit. Chamberlin v. Mining Co. 20 Mo. 96; Franse v. Owens, 25 Mo. 334. The second case is where the appearance of the defendant is *voluntary* and not in a pending suit, and where he appears for the purpose only of confessing judgment. In that case the confession must be in writing."

The statute, section 2, article 6, chapter 93, Revised Statutes 1845, was identical with section 4006, Revised Statutes 1899, except the former was supplemented with the explanatory words: "Nothing herein

contained shall be construed to extend to confession of judgment in actions commenced by process.'' In the statute of 1865 these explanatory words were omitted, and they have been omitted in all subsequent revisions. The Supreme Court in Oyster v. Shumate, 12 Mo. 580, ruled that, a judgment rendered by a justice of the peace on *a confession not in writing was void.* And to the same effect was Hunter v. Reinhard, 13 Mo. 23. But in the later cases of Huff v. Knapp, 17 Mo. 414, Chamberlin v. Mining Co. 20 Mo. 96 and Franse v. Owens, 25 Mo. 333, it was said that, where the suit is begun by process there was no necessity that the confession should be in writing as the statute (Revised Statute 1845, Title, Justices' Court 656) is express that the provision in relation to confessing judgments by writing shall not extend to cases in which confessions are taken in suits commenced by process. In Huff v. Knapp, supra, it is said: ''In relation to the confession of judgments taken upon the voluntary appearance of the parties, without process there is nothing in the statute which prohibits their being taken on other than the law days of the justice; and when the provision is examined it will appear to have been the intent of the act that they may be taken on any day. The first section of article 6 provides that, 'a justice of the peace may enter judgment by confession of the judgment in any case where the amount does not exceed his jurisdiction.' The next section declares, 'that no confession shall be taken, or judgment rendered thereon unless the following requisites be complied with: First, the defendant must personally appear; second, the confession must be in writing signed by the defendant and filed with the justice.' There follows a proviso or explanation in these words: 'Nothing here contained shall be construed to extend to confessions of judgment in actions commenced by process.' When the defendant has been brought before the justice by

process returnable to his law day, no such forms are necessary to authorize the confession of judgment," etc.

As the statute of 1845 in no way affected a common law judgment by confession where the defendant has been served with process and is brought before the court in that way, as in the case of the present judgment, it is obvious that the Legislature by the repeal of the explanatory clause thereof, and leaving it to stand without such clause as here, did not thereby intend in effect to declare that no judgment by confession should be taken unless the confession be in writing signed by the defendant and filed with the justice; or, in other words, that no common law judgment by confession when the defendant has been served with process and thus brought before the court shall be valid. The explanatory clause was added to and made a part of said section 2, article 6, chapter 93, Revised Statutes 1845 so as to prevent any misconception or misconstruction of the meaning of that section. It was a legislative declaration to the effect that the statutory judgment by confession, which by this section it had authorized, was not to be understood as extending to or effecting judgments by confession in actions commenced by process. Surely, it cannot be that where there is a statute, as here, with an explanatory clause thereto, and the latter, be stricken from the former by repeal that such former thus left standing can be given a meaning contrary to that which such latter had expressly declared. If said section 2, article 7, chapter 90, Revised Statutes 1845 with the explanatory clause thereto did not in any way extend to or affect such judgments, it is difficult to see how the section without it would do so.

The judgment contained in the record in the present case, as we have already stated, is a common law judgment by confession and was valid as such, both under the statute as it was and as it is.

We cannot agree to defendant's contention that it is a judgment by *default* instead of by *confession*. It

appears from its face that the defendant in obedience to the process served upon him appeared before the justice and orally confessed his liability on the contract for the amount of damages claimed. This admission was evidence in the pending suit and authorized the rendition of the judgment. To call a judgment so rendered that by default would be a misnomer.

Accordingly, we conclude that the trial court did not err in sustaining the motion to dismiss, and the judgment must be affirmed. All concur.