SAMUEL F. HOPPENBROCK, Respondent, v. JOHN W. DIAL, Appellant.

**Kansas City Court of Appeals, May 17, 1909.**

1. **JUSTICES' COURTS: Confession of Judgment: Service of Summons: Appearance.** When the defendant is regularly served he may appear at any time thereafter, though before the return day, and confess judgment orally or in writing.

2. ————: ————: **Interest.** Justices' courts are always open for *ex parte* proceedings, and when the defendant appears and confesses judgment before return day, the justice can compute the interest and include it in the judgment.

Appeal from Vernon Circuit Court.—*Hon. Berry G. Thurman,* Judge.

AFFIRMED.

*J. B. Journey* for appellant.

(1) The case at bar is an attempt at judgment by confession under section 4006, Revised Statutes 1899. Chamberlin v. Mining Co., 20 Mo. 96; Frause v. Owens, 25 Mo. 334; Loth v. Faconesowich, 22 Mo. App. 68; Burr & Co. v. Mathers & Co., 51 Mo. App. 475.

*A. J. King* for respondent.

(1) The defendant, confessed judgment before the justice, and no appeal lies from such confession of judgment. Wade v. Swope, 107 Mo. App. 377; R. S. 1899, secs. 4059, 4005, 4006. (2) The defendant was duly served with process, the court had jurisdiction in the premises, and before the day set for the trial, he appeared in open court, which in case of a justice of the peace is always open, and confessed judgment. R. S. 1899, sec. 3835; Simpson v. Watson, 15 Mo. App. 425; Sullivan v. Construction Co., 86 Mo. App. 155; How v. Dorscheimer, 31 Mo. 349.

JOHNSON, J.—The controlling question in this case is whether or not a judgment is void which plaintiff recovered against defendant in a justice court. The trial court sustained the judgment and the cause is here on the appeal of defendant. On June 10, 1905, plaintiff brought suit against defendant before Thomas Gilbert, justice of the peace of Center township, Vernon county, on a negotiable promissory note, dated December 30, 1899, and due one year after date. The principal of the note was $250, and it bore interest from date at eight per cent per annum. The following credits were endorsed on the note: January 2, 1901, $11; January 21, 1901, $7; March 16, 1901, $2; March 22, 1902, $20. The statement filed prayed for judgment for the amount of the principal and interest, less the credits. Summons was issued on the date the suit was begun and made returnable June 23; it was served on defendant June 14, and duly returned. On June 21, plaintiff and defendant went to the office of plaintiff's attorney and at their request, the attorney prepared the following confession of judgment:

"I, John Dial, the above-named defendant, hereby confess judgment in favor of Sam F. Hoppenbrock, the above-named plaintiff, for the sum of two hundred and fifty ($250) dollars less the credits on the note bearing date December 30, 1899, and payable one (1) year after date and bearing interest at eight per cent from date, authorize the entry of a judgment against me and in favor of said Sam F. Hoppenbrock for said sum by the said justice of Center township, Vernon county, Missouri, and I do hereby release and waive all errors."

The parties, accompanied by the attorney, then went before the justice at the place where he held court and defendant there signed the confession of judgment in the presence of the justice. This fact is denied by defendant who testified that he signed the paper before the justice in the lawyer's office, but the effect of the judgment rendered for plaintiff in the trial court was

to find for plaintiff on this issue of fact and, as the finding is supported by substantial evidence, we shall treat it as a final adjudication of that issue. Immediately after, defendant signed the confession of judgment it was filed and the justice rendered judgment as follows:

"And on the 21st day of June, 1905, personally came before me the defendant, John Dial, and filed the following written confession of judgment in favor of the plaintiff, Sam F. Hoppenbrock, to-wit: (Here the confession of judgment is copied). And on the said 21st day of June, 1905, the said Justice Thomas Gilbert, of Center township, Vernon county, Missouri, having made the computation of the interest on said note and given the credits endorsed on the back of said note, do find that the amount due on said note on said 21st day of June, 1905, is $352.16 . . . It is therefore considered, ordered and adjudged by me, the said justice, that the plaintiff, Sam F. Hoppenbrock, have and recover from the defendant, John Dial, the sum of $352.16, so as aforesaid confessed, together with his costs herein expended at $1.95, and that execution issue therefor."

The contention of defendant that the judgment is void is founded on the fact that the judgment was rendered two days before the return day of the summons. Defendant argues: "A judgment before a justice of the peace can only be entered in either one of the following instances, to-wit: By confession, upon default, or upon a trial. And when a suit is commenced before a justice and summons issued and served upon the defendant neither of these judgments can be entered before return day of the summons properly served upon defendant, ten days before trial day, without consent of the parties."

Where, as in the present case, process is regularly issued and served on the defendant, he may appear at any time after service, though it be before the return day fixed in the process, and confess judgment either

in writing or orally. This was the rule at common law and there is nothing in the statutes impairing that rule. We discussed this question in the recent case of Wade v. Swope, 107 Mo. App. 375, and refer to the opinion in that case for a full exposition of our views.

Since the principal of the note did not exceed $250, the amount for which judgment was rendered was within the jurisdiction of the justice. [R. S. 1899, sec. 3835.] Defendant appeared in open court (a justice court is always open for the conduct of ex parte proceedings, Sullivan v. Construction Co., 86 Mo. App. l. c. 155), admitted that he owed the demand inclusive of interest, and directed the justice to give judgment against him for the full amount of the demand. In such case, it was proper for the justice to compute the interest and include it in the judgment and there is nothing in the argument of defendant that the amount of the judgment "was arbitrarily fixed by the justice far in excess of the amount confessed."

Affirmed. All concur.