JAMES A. HOUCHIN, Appellant, v. C. D. TURNER and OLLIE BARNES, Respondents.

Kansas City Court of Appeals, April 6, 1914.

1. BILLS AND NOTES: Attachments: Judgment by Confession. The plaintiff sued defendants on a promissory note in a justice court and an attachment was issued in aid of the suit. At the trial of the cause plaintiff was given judgment by confession. An appeal was refused, because it would not lie from a judgment by confession. The circuit court sustained a motion for a rule on the justice to grant an appeal, and afterwards overruled a motion to dismiss the appeal. *Held*, that the circuit court erred in issuing the rule on the justice and afterwards in overruling the plaintiff's motion to dismiss the appeal.

2. JUDGMENTS BY CONFESSION: Written or Oral Confession. Where a defendant appears in response to summons regularly issued and served upon him, and confesses judgment, either in

writing or orally, a formal judgment by confession may be rendered against him. An oral admission of the justice of the plaintiff's cause interposed when the case is called for trial is such an acknowledgment as will authorize the rendition of a judgment by confession.

3. **APPEAL AND ERROR:** Statutes. Under Section 562, R. S. 1889, a defendant could not appeal from a judgment rendered against him on a plea in abatement, but he must appeal from the judgment of the case on its merits in order to get the case before the appellate court for review of the trial and judgment on the plea in abatement.

4. ————: ————. An appeal is only allowed to a defendant in a justice court from a judgment against him on the merits of the cause. If the judgment be in his favor, or if against him be of a class that is not appealable, he cannot appeal from an adverse finding on the plea to abate since the statutes give no such right.

Appeal from Boone Circuit Court.—*Hon. D. H. Harris*, Judge.

REVERSED.

*W. H. Sapp* and *E. W. Hinton* for appellant.

*J. R. Baker* for respondents.

JOHNSON, J.—This is an action on a promissory note begun in a justice court. An attachment was issued in aid of the suit on the affidavit of plaintiff alleging fraudulent acts of defendants. A summons was issued and served on both defendants and the attachment writ was levied on certain property as their property. The grounds of attachment were put in issue by separate pleas of defendants in the nature of pleas in abatement. Both parties appeared before the justice on the day set for trial of the case, both on the pleas and on the merits. Plaintiff announced ready for trial whereupon counsel for defendants admitted that defendants had executed and delivered the note in suit and that the demand of plaintiff was a just one. The

justice rendered judgment for plaintiff and entered it upon his docket as a judgment by confession. Within ten days thereafter defendant Barnes tendered an affidavit and bond for appeal to the circuit court but the appeal was refused on the ground that none would lie from a judgment by confession. The affidavit stated "this appeal is from the merits of the case and attachment proceedings on the affidavit."

Following the refusal of her application for an appeal defendant Barnes filed a motion in the circuit court for a rule on the justice to grant the appeal. The motion was heard and sustained and the justice was ordered "to certify to this court a complete copy of all the entries of record in his court in this cause together with all papers filed with him in said cause. This order was obeyed and the original papers, together with a certified transcript of his docket entries were filed by the justice in the circuit court. The judgment on the merits shown by the transcript was a judgment by confession. Plaintiff filed a motion in the circuit court to dismiss the appeal for the reason that the court had no jurisdiction to entertain an appeal taken by defendant from a judgment by confession. The motion was overruled and plaintiff refused to appear further in the case. · The court heard the evidence introduced by defendant on the alleged grounds of attachment and dissolved the attachment. The case then was called for trial on the merits and plaintiff failing to appear, the suit was dismissed for want of prosecution. Afterward plaintiff appeared and filed a motion to set aside the order of dismissal which was heard and overruled whereupon he appealed "from the judgment abating the attachment in this cause and from the order dismissing the cause on the merits."

At the hearing of the attachment in the circuit court defendant under interrogation by the court admitted the justice of plaintiff's demand and that she had no defense to offer and this substantially was the

same admission her attorney had made to the justice in open court when called upon to try the case on its merits. We cannot regard this action of the attorney, which was in the presence of his client, in any other light than as a confession of judgment. The rule is well settled in this State that where a defendant appears in response to summons regularly issued and served upon him, and confesses judgment, either in writing or orally, a formal judgment by confession may be rendered against him. An oral admission of the justice of the plaintiff's cause interposed when the case is called for trial is such an acknowledgment as will authorize the rendition of a judgment by confession. [Davis v. Wood, 7 Mo. 1. c. 164; Wade v. Swope, 107 Mo. App. 375; Burr v. Mathers, 51 Mo. App. 470; Hoppenbrock v. Dial, 137 Mo. App. 75; Chamberlain v. Mining Co., 20 Mo. 96.] As we observed in Wade v. Swope, supra, ''We cannot agree to defendant's contention that it is a judgment by default instead of by confession. It appears from its face that the defendant in obedience to the process served upon him appeared before the justice and orally confessed his liability on the contract for the amount of the damages claimed. . . . To call a judgment so rendered that by default would be a misnomer.''

The judgment rendered by the justice as appears in his transcript was in form and substance a judgment by confession and instead of being impugned by the oral evidence in shown to have been properly rendered. The statute section 7567, Revised Statutes 1909, forbids an appeal in such cases and the justice did not err in refusing to allow an appeal to defendant unless it may be said that the judgment rendered against her on the issues relating to the attachment gave her a right to appeal despite the apparent prohibition of the statute just cited. Such right, if one existed, must be of statutory origin. Counsel for defendant have not briefed or argued the case and we

have no indication from them of the statutory author-
ity they relied upon in the circuit court. By section
7654, Revised Statutes 1909, the provisions of law gov-
erning attachments in courts of record "shall apply
to attachments before justices of the peace, so far as
the same may not be inconsistent with the provisions
which are specially applicable to the latter." Section
2335 contains provisions thus incorporated in the law
governing attachments before justices and we infer
that the position of defendant was grounded on the
provision that "upon the trial of the case upon the
merits, either party may appeal—the plaintiff from
the finding on the plea in abatement, or on the merits,
as he may elect, or both; the defendant, if at all, on
the whole case." This clause was inserted in the stat-
ute by an amendment enacted in 1891 and superseded
one enacted in 1879 (Sec. 439, R. S. 1879) which gave
to the plaintiff alone a right to appeal from a judg-
ment rendered against him abating the attachment.
Before 1879, there was no statutory authority for an
appeal by either party from a judgment abating or
refusing to abate an attachment and regarding such
judgment as merely ancillary the Supreme Court had
ruled that no appeal could be taken by either party in
an attachment suit until after judgment had been ren-
dered on the merits. [Davis v. Perry, 46 Mo. 449.]
This was on the theory that the statutes allowed ap-
peals only from final judgments and that the so-called
plea in abatement was in reality a plea merely to
abate the attachment, not the action, and that since
an attachment was merely ancillary to the cause of
action, a judgment on the plea was an interlocutory,
not a final, judgment. [Commission Company v.
Block, 130 Mo. l. c. 674.] "Speaking of the amend-
ment of 1879, the Supreme Court said in Osborne v.
Machine Co., 114 Mo. l. c. 581: "Under section 562,
Revised Statutes 1889, defendant could not appeal
from the judgment against it on the plea in abatement,

and while it properly saved its exceptions, and filed its bill of exceptions, it never did appeal from the judgment on the merits; and this was absolutely necessary in order to get the case before this court for review of the trial and judgment on the plea in abatement. [Metzenberger v. Keil, 31 Mo. App. 130; Mackey v. Hyatt, 42 Mo. App. 443; State ex rel. v. Smith, 105 Mo. 6; Fagley v. Vail, 11 Mo. App. 601; Duncan v. Forgey, 25 Mo. App. 310.]

Section 562, Revised Statutes 1889, supra, expressly provides that plaintiff in an attachment proceeding may appeal from the judgment on a plea in abatement against him, but it contains no provision authorizing the defendant to appeal from a like judgment against him on a plea in abatement sustaining the attachment. It follows that as no appeal was taken from the final judgment that this appeal must be dismissed."

The obvious purpose of the amendment of 1891 did not include an enlargement of the rights of defendants but was to repeal the privilege accorded plaintiffs in the amendment of 1879 of appealing from an adverse interlocutory judgment without waiting for an adjudication of the merits. In lieu of such privilege the plaintiff was given the right to appeal after final judgment in every possible case where error of the trial court might deprive him of some substantial right he was entitled to have enforced whether such right pertained to the merits of his cause or to the ancillary aid he had invoked. If he had lost on the merits after winning on the plea to abate he was entitled to appeal on the merits; if he lost on the plea but won on the merits he could appeal and have the judgment on the plea reviewed in order that he might not be erroneously deprived of the ancillary aid to his cause he had properly and diligently sought, or if he lost on both attachment and merits he could appeal the entire cause and have it reviewed.

But the amendment (which is the present law) allows an appeal to a defendant only from a judgment against him on the merits. If the final judgment be in his favor, or if against him be of a class that is not appealable, he cannot appeal from an adverse finding on the plea to abate since the statute gives no such right and as we have said the right, to exist at all, must be of express statutory creation. In confessing judgment defendant deprived herself of all right to appeal to the circuit court and thereby placed herself in a position as to the finding on the plea to abate where the statute afforded her no remedy by appeal. The circuit court erred in issuing the rule on the justice and afterward in overruling plaintiff's motion to dismiss the appeal.

The judgment is reversed. All concur.