Walter **FRITZSCHE**, Plaintiff-Appellant,

v.

**EAST TEXAS MOTOR FREIGHT LINES,**
Defendant-Respondent.

No. 32404.

St. Louis Court of Appeals.

Missouri.

May 17, 1966.

Motion for Rehearing or for Transfer to Supreme Court Denied June 14, 1966.

Application to Transfer Denied Sept. 12, 1966.

operated by plaintiff and a vehicle operated by defendant through its agents, servants, and employees. The collision was alleged to have occurred at a point approximately one-half mile south of the intersection of Highway 66 and Highway 138. It was further alleged that plaintiff was operating his vehicle southwardly on Highway 66 and that defendant's vehicle collided with the rear of plaintiff's vehicle; and that said collision and plaintiff's injuries were directly and proximately caused by the negligence in the operation, maintenance and control of defendant's vehicle. Judgment was prayed for in the sum of $10,000.00 and costs.

On July 29, 1964, defendant filed an answer in said cause, which after admitting its corporate existence and the facts with reference to the collision, except the allegation that the collision was violent, denied the allegations that the collision and plaintiff's injuries were caused by defendant's negligence.

On August 31, 1964, defendant filed a Confession of Judgment in said cause in words and figures as follows, to wit:

### "CONFESSION OF JUDGMENT

"COMES NOW defendant and confesses judgment in favor of plaintiff and against defendant in the sum of TEN THOUSAND ($10,000.00) DOLLARS, the ad damnum of plaintiff's Petition, and costs; and defendant hereby pays into the registry of the Court, for the use and benefit of plaintiff, the sum of $10,-018.60, for such judgment and costs."

Thereafter, and on the same day, defendant filed with the clerk the following memorandum in said cause:

### "MEMORANDUM FOR CLERK

"Defendant confesses judgment in the amount of $10,000.00 and costs. $10,-018.60 paid into registry of Court.

Gray & Sommers, St. Louis, for plaintiff-appellant.

Schwartz & Ely, Robert C. Ely, St. Louis, for defendant-respondent.

ANDERSON, Judge.

This is an appeal by plaintiff from an order of the Circuit Court overruling plaintiff's motion to set aside a judgment entered in his favor upon a verified confession of judgment filed by defendant.

The suit was instituted by the filing of a petition on July 15, 1964, in the Circuit Court of the City of St. Louis by Walter Fritzsche against East Texas Motor Freight Lines. It was an action for damages for personal injuries alleged to have been sustained by plaintiff on October 15, 1963 as a result of a violent collision on Highway 66, in Illinois, between a tractor with other equipment attached thereto being

"Judgment entered in favor of plaintiff and against defendant in the sum of $10,000.00.

SO ORDERED: /s/ Wm. H. Killoren, Judge, No. 1"

Judgment was thereupon entered in said cause which is in words and figures as follows, to wit:

"It is ordered by the Court that this cause be assigned to Division No. One.

"Now at this date comes the plaintiff by attorney and submits to the Court its petition, heretofore filed and also submits to the Court a verified confession of judgment filed by the defendant, and the Court having seen and examined the same, and being sufficiently advised thereof, doth find in favor of the plaintiff and against the defendant for the sum of $10,000.00.

"WHEREFORE, it is considered and adjudged by the Court that the plaintiff have and recover of the defendant the sum of TEN THOUSAND and NO/100 ($10,000.00) DOLLARS, together with the costs of this suit, and that execution issue therefor.

"It is further ordered by the Court that the defendant pay into the registry of the Court the sum of $10,000.00 together with the sum of $18.60, being the costs of this suit."

On September 9, 1964, plaintiff filed in said cause a verified motion to set aside the judgment, and as grounds for said motion alleged:

"1. The court's order entering judgment in favor of plaintiff and against the defendant in the sum of $10,000.00 is void.

"2. The court was without jurisdiction in entering said order.

"3. The order of the court entering judgment in favor of plaintiff and against the defendant in the sum of $10,000.00 is null and void.

"4. Plaintiff first states that this action was instituted on or about July 16, 1964. At the time of the institution of the lawsuit the same was prepared and filed by Charles E. Gray, as attorney for plaintiff, and therein damages in the sum of $10,000.00 was prayed for. At the time of the institution of said petition, Charles E. Gray, as plaintiff's counsel, was not fully advised of the nature, character and extent of the injuries and damages sustained by plaintiff, Walter Fritzsche. After the institution of said action further investigation was made by said attorney and this investigation now reveals that plaintiff sustained severe, permanent and disabling bodily injuries. He incurred or became indebted for necessary medical, hospital and surgical care and treatment in excess of $1200.00, and will continue to incur expenses for such care and treatment in the future. In the accident giving rise to his cause of action plaintiff's personal property was so damaged as to reduce its reasonable market value in excess of $5,000.00. Plaintiff further states that his attorney's investigation is still not complete and said attorney's file does not, as yet, contain sufficient information upon which to file an amended petition alleging all of the specific injuries and damages sustained by plaintiff, but that, on information and belief, it is alleged that plaintiff is entitled to recover from defendant a sum far in excess of the $10,000.00 judgment entered as aforesaid.

"5. Plaintiff further states that his judgment was obtained by defendant ex parte, with no notice thereof having been previously served upon plaintiff or his counsel, thus neither plaintiff nor plaintiff's counsel were given any opportunity to make any objections thereto.

"6. Plaintiff further states that no notice was given to plaintiff by the court of its intention to enter such judgment * * *."

The prayer of the motion was to set aside the judgment, reinstate the case on the docket and afford plaintiff an opportunity to file an amended petition.

The foregoing motion was overruled on January 14, 1965. On January 20, 1965, plaintiff appealed to the Supreme Court from the Court's order overruling said motion. That court on September 1, 1965, held it was without jurisdiction of the appeal and did on said date transfer the cause to this court.

It is appellant's contention that the judgment is null and void for the reason that defendant in securing same failed to follow the procedural steps provided for in Civil Rule 77.25, V.A.M.R., and failed to give notice to him under Civil Rules 43.01(a) and 44.01(d), V.A.M.R. It is argued that appellant was thereby prejudiced by having been deprived of the right to either dismiss his cause of action or increase the ad damnum clause of his petition before the entry of judgment. The first mentioned rule relates to offers of judgment, and is in words and figures as follows, to wit:

> "At any time more than 10 days before the trial begins, a party defending against a claim may serve upon the adverse party an offer to allow judgment to be taken against him for the money or property or to the effect specified in his offer, with costs then accrued. If within 5 days after the service of the offer the adverse party serves written notice that the offer is accepted, either party may then file the offer and notice of acceptance together with proof of service thereof and thereupon judgment shall be entered. If the offer is not accepted within 5 days it shall be deemed withdrawn and evidence thereof is not admissible. If the adverse party fails to obtain a judgment more favorable than that offered, he shall not recover costs in the circuit court from the time of the offer but shall pay costs from that time."

Civil Rule 43.01(a), V.A.M.R., requires that every pleading subsequent to the original pleading, every written motion other than one which may be heard ex parte, and every written notice, appearance, demand, offer of judgment shall be served upon each of the parties affected thereby.

Civil Rule 44.01(d), V.A.M.R. provides for notice to be served not later than 5 days before the time specified for hearing of any written motion other than one which may be heard ex parte, and unless a different period is fixed by law, court rule or by order of court.

We do not believe that Rule 77.25, supra, is applicable to a confession of judgment, but was designed for the purpose of permitting a defendant to avoid court costs by making an offer of judgment which if accepted would result in a consent judgment. A judgment by consent is different from a judgment by confession in that it is based on an agreement between the parties as to the terms, amount or conditions of the judgment to be rendered. Black's Law Dictionary, p. 978; 49 C.J.S. Judgments § 173, p. 308. A judgment by confession such as the one in the case at bar, is a product of the common law, and is not created by statute or rule of court. At common law, such a judgment was one entered for plaintiff in a case where the defendant, instead of entering a plea, confessed the action, or at any time before trial confessed the action and withdrew his plea, Bouvier's Law Dictionary (Rawle's Rev.) Vol. 2, p. 25. The court in such cases had no choice but to enter judgment on said confession, and such judgment could not be disturbed except in direct action and upon equitable grounds.

There is no statute or Civil Rule in this state which regulates the practice of confession of judgment of the kind here involved as it was known at common law, and we know of no rule of common law which requires notice and hearing before entry of judgment thereon. It would seem

therefore that such proceeding may be ex parte and without notice. In such a case, plaintiff could suffer no harm because he secures all the relief for which he is asking. It has been held that if the confession and judgment are regular, the judgment may be impeached only by a direct action and on equitable grounds. An application to open a judgment by confession is a direct attack in the nature of an equitable proceeding, 49 C.J.S. Judgments § 321, p. 578, addressed to the sound discretion of the court, and may not be disturbed on appeal except for abuse of discretion.

An abuse of discretion is not merely an error of judgment; but consists of a conclusion where the law is overridden or misapplied. No such situation is presented in the case at bar. The principal ground of appellant's motion was failure to follow the procedure outlined in Rule 77.25, supra, which we find clearly not applicable, nor were there stated other grounds of an equitable nature sufficient to move the court in the exercise of its discretion to set aside the judgment. Rules 43.01(a), supra, and 44.01(d), supra, are clearly not applicable.

Appellant cites the case of Hoppe, Inc. v. St. Louis Public Service Co., Mo., 235 S.W.2d 347, in support of his position. In that case, there was a verdict for the defendant. Plaintiff filed a motion for new trial which was four days late. The trial court struck plaintiff's motion, but granted a new trial of its own motion without notice to defendant. The Supreme Court reversed and ordered the original judgment reinstated, on the ground that the action of the trial court was an arbitrary exercise of discretion. The case is not in point. There the trial court arbitrarily took away from defendant a favorable judgment. In the case at bar, the entry of judgment was not adverse to any right then being asserted by plaintiff. It did not take anything away from him, but gave him everything he asked for in his petition.

Appellant also cites State ex rel. Murphy v. Aronson, Mo.App., 330 S.W.2d 140, and Williamson v. Williamson, Mo.App., 331 S.W.2d 140. These cases hold that notice must be given before a divorce decree is set aside or modified. As in the Hoppe case, supra, the jurisdiction of the trial court was invoked in each instance in an effort to take away a judgment right of a party, which cannot be done without giving the party to be affected an opportunity to be heard in opposition. It is our opinion that the rule of law announced by the cases cited by appellant does not apply to the case at bar where the judgment does not take away any judgment right held by the appellant, but conforms to the position taken by appellant at the time the judgment was entered.

The order and judgment appealed from should be affirmed. It is so ordered.

WOLFE, P. J., and RUDDY, J., concur.