Sara **SUMMERS**, Plaintiff-Respondent,

v.

Jake **CLAYTON**, d/b/a Jake Clayton Realty Company, Defendant-Appellant.

No. 26189.

Missouri Court of Appeals,
Kansas City District.

July 23, 1973.

Motion for Rehearing and/or Transfer
Denied Sept. 4, 1973.

Application to Transfer Denied
Nov. 12, 1973.

Joseph H. Glass, Walter A. Raymond, Kansas City, for defendant-appellant.

James A. Kushner, Legal Aid & Defender Society of Greater Kansas City, Kansas City, for plaintiff-respondent.

Before SWOFFORD, P. J., SHANGLER, C. J., and WASSERSTROM, J., and SCHOENLAUB, Special Judge.

FRED E. SCHOENLAUB, Special Judge.

On August 9, 1971 this action for damages was filed by respondent, alleging that appellant and one Mildred S. Lucas conspired to defraud her in the sale of a home on June 22, 1970. Appellant, a real estate agent, represented Mrs. Lucas in the transaction and handled the sale to respondent. Respondent alleged that the house was sub-standard and uninhabitable by reason of certain defects known to Mrs. Lucas and hidden from her by Mrs. Lucas and appellant. When appellant was served with the petition and summons he telephoned Carl Brown, president of Regional Realty and Investment Company, another defendant in the action. Brown advised him that he was going to seek dismissal of the case and indicated that the mortgage company would represent him. Regional Realty and Investment Company took no action on behalf of appellant and was dismissed as a defendant on October 1, 1971. Defendant Lucas was never served.

A Motion for Default Judgment against appellant was filed by respondent on October 8, 1971. Hearing on the Motion was set for February 7, 1972, appellant was notified, and he was present in the courtroom on that date. The case was not called in open court, but was heard by the trial judge in chambers. Appellant was found to be in default and judgment was entered against him in the sum of $2,232.00 and costs. Immediately following the hearing and entry of judgment the trial judge was informed of appellant's presence in the courtroom and that respondent was aware of his presence. These facts were dictated into the record by the judge along with a notation that respondent had been notified that the amount of the judgment had been set aside and the matter set for trial the week of March 27, 1972. It was also at this time that appellant found that no action had been taken on his behalf by Regional Realty and Investment Company, that he was in default, and that he should have his own attorney and file answer.

The above action by the trial judge is reflected in the following entry in the February 7, 1972 record of the Circuit Clerk:

"Now after due consideration, the default judgment entered this date is by for Tuesday, March 28, 1972 at 9:00 a. m."

Although this order goes beyond the action indicated earlier by the trial judge, on the same day, he notified respondent's attorney and appellant by letter that the default judgment had been set aside and that the matter was set for hearing on March 28, 1972.

An entry in the Circuit Clerk's record of February 11, 1972, however, is of different tenor:

"Now on this 7th day of February, 1972, the above matter having come on for hearing before the Court and the Court

having heard evidence and being satisfied that the defendant, Jake Clayton, d/b/a Jake Clayton Realty Company is in default for failing to appear in this action, orders that an interlocutory judgment as authorized by Rule 54.04 of the Missouri Rules of Civil Procedure and Section 511.110 RSMo., be entered against said defendant in favor of the plaintiff and that a final hearing be set for the week of March 27, 1972."

Appellant was never notified of this change in the status of the case. He obtained the services of his present counsel, appeared at the March 28th hearing prepared to defend against the allegations of respondent's petition, and with leave of court filed answer denying the allegations of respondent's petition as to both liability and damages. Respondent presented evidence only on the issue of damages, and the following order was entered by the court:

"Defendant, Jake Clayton, doing business as Jake Clayton Realty Company, having been in default for failing to answer or appear in this action, and the Court having heard evidence on February 7, 1972, and the Court having entered an interlocutory judgment against said defendant on February 7, 1972, and the Court having heard evidence on March 28, 1972,

"Now the Court finds the issues in favor of plaintiff and assess plaintiff's damages at Twenty-two Hundred and Thirty-two Dollars ($2232.00) and costs, for which let execution issue."

■ The control retained by the court over the default judgment of February 7, 1972 is set forth in Supreme Court Rules 74.05 and 75.01 V.A.M.R. Supreme Court Rule 74.05 provides that an interlocutory default judgment may, for good cause shown, be set aside at anytime before damages are assessed or final judgment rendered. Supreme Court Rule 75.01 further provides that trial courts retain jurisdiction over all judgments for thirty days after

their entry, during which time they may, for good cause shown, be vacated, reopened, corrected, amended or modified. In Vaughn v. Ripley, Mo.App., 416 S.W.2d 226, 228, this court held that " * * * The term 'good cause', as used in this connection, is not susceptible of precise definition, but it was obviously coined to serve a remedial purpose in a matter addressed primarily to the conscience of the court and it should therefore be interpreted with commensurate liberality, not only to prevent a manifest injustice but to avoid a threatened one, especially in cases tried without a jury where evidence on one side only is presented." In Donnell v. Vigus Quarries, Inc., Mo.App., 457 S.W.2d 249, 254, it was further noted that when the judgment is set aside the case is reopened and justice will yet be done on the merits, and that such action is in keeping with and in furtherance of the policy of the law to try and determine cases on their merits when that will not result in harmful delay.

■ The powers and jurisdiction conferred on trial courts by the above Rules, are, however, subject to the qualification that the trial court give to the parties reasonable notice and an opportunity to be heard on the issue inducing the court's intended action. State v. Aronson, Mo.App., 330 S.W.2d 140, 143.

■ The matters brought to the attention of the trial judge immediately following the February 7th hearing, and on which the order setting aside the default judgment was based, were sufficient to authorize such action. Notice that the order had been entered was given to both parties on the day of its entry. Respondent failed thereafter to take any action to have her interlocutory judgment reinstated. The trial court, however, without notice to either party, on February 11, 1972 entered an order, the effect of which was to reinstate the default judgment. Appellant was thereby denied not only the opportunity to be heard on the issue inducing the entry of this order by the court, but also the oppor-

tunity to take further steps to have the order set aside. Such action by the trial court exceeded the powers granted by Supreme Court Rules 74.05 and 75.01, supra.

The judgment is therefore reversed and the case remanded for trial on all issues.

All concur.