Donald ROMINE, Respondent,

v.

Daisy N. LABRUYERE, Appellant.

No. 45774.

Missouri Court of Appeals,
Eastern District,
Division Three.

March 1, 1983.

Mark G. Burns, Clayton, for appellant.

Stephen H. Ringkamp, St. Louis, for respondent.

CRIST, Judge.

Automobile-motorcycle accident. Plaintiff initially sued for damages in the amount of $25,000.00 plus costs, alleging multiple fractures of his left leg and other damages as a result of defendant's negligence.

Plaintiff's petition was served upon defendant on October 30, 1980. On November 12, 1980, defendant confessed judgment in the sum of $25,000.00 plus costs, and paid that sum into the registry of the court. On November 12, 1980, the trial court entered judgment in favor of the plaintiff and against defendant in the sum of $25,000.00 plus costs. The defendant's filing of the confession of judgment and the court's subsequent entry of judgment thereon, was without notice to plaintiff.

Fourteen days later, on November 26, 1980, plaintiff filed his motion to set aside judgment by confession and requested leave to amend his prayer stating he did not receive plaintiff's hospital records until after the judgment of confession was entered, and, therefore, was not aware of the true extent of plaintiff's injuries. Plaintiff's motion was heard on December 5, 1980 and was sustained, whereupon defendant's judgment by confession was set aside. Plaintiff was granted leave to amend his petition by increasing the ad damnum to $50,000.00. He later increased his prayer to $150,000.00.

Thereafter, the parties entered into a stipulation whereby plaintiff agreed to reduce his prayer to the $50,000.00 policy limits and the parties waived a jury trial. On April 9, 1982, after a bench trial, the trial judge entered judgment for plaintiff and against defendant in the sum of $50,000.00 plus costs.

Defendant's appeal involves the authority, or lack of authority, of the trial judge to set aside defendant's confession of judgment and to allow defendant to increase his prayer for relief and to enter judgment in favor of plaintiff in the amount of $50,-000.00 plus costs. The decision in this case is mandated by Rule 75.01. This rule provides in part:

The trial court retains control over judgments during the 30-day period after entry of judgment and may, after giving the parties an opportunity to be heard and for good cause, vacate, reopen, correct, amend, or modify its judgment within that time.

The judgment in this case was set aside within the 30-day period after entry of judgment and, as specified in the rule, both parties had an opportunity to be heard. There was good cause to set aside the judgment due to the late disclosure of plaintiff's hospital records. We agree with the trial court that the interest of justice commanded that plaintiff be allowed the opportunity to have his day in court to seek full and fair

compensation for his injuries. *See, State ex rel. Stoffer v. Moore,* 628 S.W.2d 637, 645 (Mo. banc 1982).

After having set aside the confession of judgment pursuant to Rule 75.01, there could be little question but that it was within the trial court's discretion to grant leave to amend the prayer of plaintiff's petition pursuant to Rule 55.33.

Judgment affirmed.

CRANDALL, P.J., and REINHARD, J., concur.