David L. HANCOCK and Nancy J. Hancock, Plaintiffs–Appellants,

v.

Robert H. McROBERTS, Sr. and Frances Hays Gay, Last Surviving Officers and Directors and Statutory Trustees of Hays Estate Realty Company, a defunct Missouri corporation, if living, their unknown heirs, devisees, grantees, assignees, donees, alienees, legatees, personal representatives, guardians, mortgagees, trustees, and legal representatives, et al., Defendants.

Letha Stubblefield, Intervenor–Respondent.

No. 16630.

Missouri Court of Appeals, Southern District, Division One.

Sept. 28, 1990.

Rehearing Denied Oct. 11, 1990.

**180**

Gregory D. Williams, Williams & Henderson, Sunrise Beach, for plaintiffs-appellants.

No appearance for defendants.

Marvin W. Opie, Versailles, for intervenor-respondent.

CROW, Judge.

Both named defendants confessed judgment for the relief demanded in plaintiffs' petition, but the trial court entered judgment against plaintiffs. Plaintiffs appeal.

Plaintiffs filed a petition February 18, 1988, in the Circuit Court of Camden County to quiet title to a parcel of real estate, record ownership of which was alleged to be in Hays Estate Realty Company, a defunct Missouri corporation. The petition averred defendants Robert H. McRoberts, Sr., and Frances Hays Gay were the last surviving officers and directors and statutory trustees of the corporation. Plaintiffs claimed ownership of the parcel by adverse possession.

Defendants McRoberts and Gay filed a document March 30, 1988, denominated "Confession of Judgment" stating that to the best of their knowledge there were no unknown heirs, devisees, grantees, assignees, donees, alienees, legatees, personal representatives, guardians, mortgagees, trustees, legal representatives, or any other persons or entities who might have a claim by, through or under them with respect to the subject matter of plaintiffs' petition. The document further stated that defendants McRoberts and Gay "confess judgment in favor of plaintiff [sic] and against Defendants for all the relief prayed for in Plaintiff's [sic] petition."

Some three months later Monte Stubblefield and Letha Stubblefield, characterizing themselves "defendants," filed an answer to plaintiffs' petition, together with a counterclaim and cross-claim. The counterclaim and cross-claim averred the Stubblefields—husband and wife—owned the parcel described in plaintiffs' petition and prayed for a decree to that effect.

A few weeks later the Stubblefields were granted leave to intervene. Their answer, counterclaim and cross-claim were "deemed filed with leave of court."

Plaintiffs thereafter filed a motion for judgment on the pleadings against defendants McRoberts and Gay, last surviving officers and directors and statutory trustees of the defunct corporation, "on the grounds that said Defendants have filed herein their Confession to said Judgment."

The judge, upon consideration of the motion, made a docket entry stating in part: "Court deems the confession of judgment as a denial of any ownership int. in the property by said defts. Court finds from the confession that defts are divested & barred of any int., claim or lien to said property described in the petition."

The next significant event in the trial court was the transfer of a different judge to the case. The reason for it is not shown.

Several weeks later a suggestion of death was filed stating Monte Stubblefield had died September 13, 1988.

At trial,[1] plaintiffs appeared in person and with counsel; intervenor Letha Stubblefield appeared in person and with counsel. A lawyer previously appointed by the trial court to represent all unknown, unborn, or nonresident defendants, and to be guardian ad litem for all minor defendants, defendants under legal disability, or defendants in military service appeared. Neither defendant McRoberts nor defendant Gay appeared, and no lawyer appeared for either of them.

The evidence showed the subject parcel is a square having 50–foot sides.

Plaintiffs presented testimony that (1) they purchased land adjacent to the subject parcel in 1984, (2) they had been in possession of the subject parcel since 1984 and had been maintaining it since then, and (3) they paid taxes on the subject parcel for the years 1985–88.

Letha Stubblefield testified she married Monte in 1933 and the marriage endured until his death. She avowed she and he bought a resort in 1972 and that a sign advertising it was situated on the subject parcel at that time. According to Letha, she and Monte had kept a sign on the parcel ever since, and had mowed the grass "where at least you could see the sign."

Surveys by two surveyors, however, showed the Stubblefields' sign was not on the subject parcel.

The trial court held Letha's claim[2] to the subject parcel was not supported by sufficient evidence to establish title by adverse possession in that the Stubblefields' sign

was not situated on the parcel and Letha's evidence that she and Monte had mowed the parcel was disputed by "credible testimony of plaintiffs."

As to plaintiffs' claim, the trial court found:

"The only evidence presented by plaintiffs as to their adverse possession of the land related to the time since they acquired title to adjoining real estate in 1984. Other than that, plaintiffs relied upon a 'Confession of Judgment' filed March 30, 1988, by the attorneys for defendants Robert H. McRoberts, Sr., and Frances Hays Gay.

Plaintiffs['] evidence of having adversely possessed the land in question does not extend over the 10 years required by statute.

The 'Confession of Judgment' is no more than a factual pleading (which is not supported by evidence). There is no provision in Missouri statutes or Rules of Court which permits property rights in real estate to be determined or established or affected by the filing of a 'Confession of Judgment' in the form of the document by that name which was filed in this case.

Plaintiffs['] claim for the determination that they acquired title by adverse possession fails."

The trial court entered a decree vesting title to the subject parcel in "Robert H. McRoberts, Sr., and Frances Hays Gay, last surviving officers and directors and statutory trustees of Hays Estate Realty Company, a defunct Missouri corporation."

Letha Stubblefield did not appeal. She has, however, filed a brief as respondent to

1. Trial occurred July 24, 1989.

2. No one was substituted in the action for Monte Stubblefield after his death. See § 507.100.1, RSMo 1986, and Rule 52.13(a), Missouri Rules of Civil Procedure (20th ed.1989). In an affidavit filed in the trial court after Monte's death, Letha averred she and he owned the subject parcel as tenants by the entirety until he died, and thereafter she was the sole owner. The pertinent law is found in *Nelson v.*

*Hotchkiss,* 601 S.W.2d 14, 20 (Mo. banc 1980): "In an estate of the entirety the husband and the wife during their joint lives each owns, not a part, or a separate or a separable interest, but the whole, and therefore the death of one leaves the other still holding the whole title as before, with no one to share it." As the claim asserted by the Stubblefields before Monte's death survived to Letha alone, the trial court was correct in proceeding without substitution for Monte. § 507.100.1(2) and Rule 52.13(a)(2).

plaintiffs' appeal.[3]

Plaintiffs' first point relied on reads:

"The trial court erred in not entering judgement on [the] confession of judgement in that the court's action is contrary to controlling authority and the acceptance or rejection of a confession of judgement is not within the discretion of the trial judge and in his exercise of such discretion, the trial judge erroneously declared and applied the law."

The lone authority cited by plaintiffs in support of the point is *Fritzsche v. East Texas Motor Freight Lines*, 405 S.W.2d 541 (Mo.App.1966). There the plaintiff sued for personal injuries, praying for $10,000. The defendant filed a confession of judgment in that amount and paid such sum (plus costs) into the registry of the trial court. The court entered judgment for the plaintiff and against the defendant for $10,000 and costs. A few days later the plaintiff filed a motion to set aside the judgment, averring he was entitled to recover more than $10,000. The motion complained that the judgment was obtained ex parte and without notice to him. The motion was denied.

On appeal the St. Louis Court of Appeals said:

"A judgment by confession such as the one in the case at bar, is a product of the common law, and is not created by statute or rule of court. At common law, such a judgment was one entered for plaintiff in a case where the defendant, instead of entering a plea, confessed the action, or at any time before trial confessed the action and withdrew his plea, Bouvier's Law Dictionary (Rawle's Rev.) Vol. 2, p. 25. The court in such cases had no choice but to enter judgment on said confession, and such judgment could not be disturbed except in direct action and upon equitable grounds.

There is no statute or Civil Rule in this state which regulates the practice of confession of judgment of the kind here involved as it was known at common law...." 405 S.W.2d at 544.

The opinion in *Fritzsche* stated that the plaintiff had shown no abuse of discretion by the trial court in its refusal to vacate the judgment, as the judgment gave the plaintiff everything he asked for in his petition. *Id.* at 545. The judgment was affirmed.

Section 511.070, RSMo 1986, reads:

"A judgment by confession may be entered without action, either for money due or to become due, or to secure any person against contingent liability on behalf of the defendant, or both, in the manner herein prescribed."

Section 511.080, RSMo 1986, reads:

"A statement in writing must be made, signed by the defendant, and verified by affidavit, to the following effect:

(1) It must state the amount for which the judgment may be rendered, and authorize the entry of judgment thereon;

(2) If it be for money due, or to become due, it must state concisely the facts out of which it arose, and must show that the sum confessed therefor is justly due, or to become due;

(3) If it be for the purpose of securing the plaintiff against a contingent liability, it must state concisely the facts constituting the liability, and must show that the sum confessed therefor does not exceed the same."

Section 511.090, RSMo 1986, reads:

"Such statement and affidavits shall be filed, and the court shall render judgment for the amount confessed, and cause the same to be entered upon the records, first being satisfied of the identity of the defendant, if present, or, if not present, that he executed the same in writing, and made the affidavit herein required."

The above statutes appear in RSMo 1959 (the revision in effect at the time of *Fritzsche*), identically numbered and identically worded. Additionally, Supreme Court Rules existed at the time of *Fritzsche* that were the same as the above statutes. Rules 74.24, 74.25 and 74.26, Vol. 4, RSMo 1959, p. 4993. Those rules were

---

**3.** Defendants McRoberts and Gay did not file a respondents' brief.

repealed by the Supreme Court of Missouri effective January 1, 1988, and were not replaced by similar ones. Missouri Rules of Court (19th ed.1988), p. 287; Vol. 727–728 S.W.2d Missouri Cases, pp. XXV to XXXV.

As §§ 511.070–.090 and Rules 74.24–.26 were in effect at the time of *Fritzsche*, we do not know whether the failure of *Fritzsche* to mention them was intentional or inadvertent. The statutes and rules, of course, did not precisely fit the situation in *Fritzsche*. Section 511.070 allows judgment by confession *without action*. In *Fritzsche* the confession of judgment was filed *after* the action had been commenced by the plaintiff. Furthermore, the action was not one for money due or to become due, or to secure the plaintiff against contingent liability on behalf of the defendant, but was for damages for personal injuries. That may account for the statement in *Fritzsche* that there is no statute or civil rule in Missouri regulating the practice of common law confession of judgment of the kind involved in that case.

Confession of judgment *after* commencement of an action is discussed in *Burr & Co. v. Mathers & Co.*, 51 Mo.App. 470, 475 (1892):

"At common law there were two kinds of judgments by confession, the one a judgment by *cognovit actionem,* and the other by confession *relicta verificatione.* In the former the defendant *after service,* instead of entering a plea, acknowledges and confesses that the plaintiffs' cause of action is just and rightful. In the latter after pleading and before trial the defendant both confesses the plaintiff's cause of action and withdraws or abandons his plea or other allegation, whereupon judgment is entered against him without proceeding to trial. In order to sustain a judgment of either of these kinds it is *essential that process* regularly issued should have been served upon the defendant."

In *Burr* no suit was filed. A debtor on a note appeared before a justice of the peace and agreed that the note was correct and that summons need not be issued. The justice thereupon rendered judgment. The Kansas City Court of Appeals held that because no process was issued and served on the defendant the judgment could not be upheld as a common law confession of judgment. *Id.* The court then determined that the judgment could not be upheld under Missouri statutes authorizing confession of judgment in that the confession was not in writing and signed by the defendant or someone authorized by him. *Id.* at 475–76. The court explained, however, that where a defendant is served with process and, upon appearing in court, orally admits the indebtedness, judgment may be entered. That is because both parties are before the court and the oral admission is evidence in a pending suit. *Id.*

*Burr* was followed in *Wade v. Swope*, 107 Mo.App. 375, 81 S.W. 471 (1904). There the plaintiff brought an action before a justice of the peace for breach of contract. Summons was issued and served on the defendant. Both parties appeared before the justice at the appointed time. The plaintiff's lawyer read the petition, and the defendant confessed judgment for the amount claimed. The justice thereupon entered judgment in that amount. The Kansas City Court of Appeals ruled the judgment a valid common law judgment by confession. 81 S.W. at 473. The opinion, as we understand it, held that the statute authorizing entry of judgment upon written confession applied only to judgments entered without the filing of an action, and did not apply to judgments by confession in actions commenced by process.

■ We glean from the meager authority on the subject that Missouri recognizes judgments by confession as valid under the common law where (a) suit is filed, (b) summons is issued and served on the defendant, and (c) the defendant appears in court and confesses the plaintiff is entitled to the relief demanded. If these conditions are fulfilled, compliance with the statutes (which may pertain only to confession of judgment where no action is filed—an issue we need not decide) is not required.

■ When the instant case was filed, summons was issued to both named defen-

dants. While neither summons appears in the record on appeal, the trial court's docket sheet, as we comprehend it, shows service was made on each defendant February 26, 1988. Nothing in the record suggests otherwise, and no party raises any issue about service.

We are told in *State ex rel. State Highway Commission v. Gebhardt*, 714 S.W.2d 558, 560[2] (Mo.App.1986), that judgment by confession is allowable only if the defendant admits the whole of the plaintiff's claim. The confession of judgment in the instant case states that the named defendants confess judgment in favor of plaintiffs and against defendants for all the relief prayed for in plaintiffs' petition. This obviously admits the whole of plaintiffs' claim.

Inasmuch as a common law confession of judgment is permissible in a personal injury action (*Fritzsche*), we perceive no reason why it should be disallowed in a quiet title action, so long as it is clear that the confessing party agrees that he be divested of all right, title and interest in the subject property and that ownership be vested in the adverse party. That appears with unmistakable clarity in the instant case.

The trial court expressed no doubt about the authenticity of the confession of judgment. Nothing in the record suggests the confession was obtained by fraud or duress. In such circumstances we hold the trial court erred in refusing to enter judgment in favor of plaintiffs and against defendants according to the terms of the confession. Plaintiffs' first point is thus meritorious, and we need not consider plaintiffs' other assignments of error.

The judgment is reversed and the cause is remanded to the trial court, which is directed to enter judgment granting plaintiffs all the relief prayed for in their petition.

MAUS, P.J., and PREWITT, J., concur.