Deborah Ann DATTILO,
Plaintiff/Appellant,

v.

AMERICAN FAMILY INSURANCE, James L. Hollingsworth and American Commercial Barge Line Company, Defendants/Respondents.

No. 67270.

Missouri Court of Appeals, Eastern District, Division Three.

July 11, 1995.

Laurence D. Mass, Clayton, for appellant.

Anthony F. Vaiana, Clayton, for respondents.

CRANDALL, Judge.

Plaintiff, Deborah Dattilo, appeals from the judgment of the trial court denying her motion to vacate a confession of judgment in plaintiff's action for bodily injury against defendant, James Hollingsworth. We reverse and remand.

Plaintiff sustained bodily injuries when a car driven by defendant, in which plaintiff was a passenger, left the road and struck a tree. Her petition sought damages from defendant in excess of $15,000 but less than $50,000 based on his negligent operation of the automobile.

During the course of this litigation, plaintiff was represented by three different attorneys. She employed the services of her third attorney on September 20, 1994. On September 21, 1994, this new attorney called defendant's counsel and informed him that he was representing the plaintiff. During this conversation, plaintiff's attorney made a demand for settlement in excess of the $50,000 prayed for in plaintiff's first amended petition.

On September 21, 1994, defendant's counsel confessed judgment on behalf of defendant in the amount of $50,000, without informing plaintiff's new attorney of his action. The court entered judgment in favor of plaintiff for $50,000 and defendant deposited the funds with the court.

*Still* unaware that defendant had confessed judgment, plaintiff's attorney filed his entry of appearance on behalf of plaintiff on September 23, 1994. On September 26, 1994, plaintiff sent a letter to defendant, again demanding settlement in an amount exceeding $50,000.

After learning of the confession of judgment, plaintiff's attorney filed an amended petition and a motion to vacate the judgment on September 27, 1994. The second amended petition prayed for damages against the defendant simply in excess of $15,000.

On appeal, plaintiff contends the trial court erred in denying her motion to vacate the judgment. She claims she established good cause for setting the judgment aside because defendant's actions were surreptitious and the judgment undervalued her damages.

The trial court retains control over a judgment for thirty days following entry of judgment. Rule 75.01. After giving the parties an opportunity to be heard, the trial court may for good cause, vacate, reopen, correct, amend, or modify its judgment within that time. *Id.*

The term 'good cause', as used in this connection, is not susceptible of precise definition, but it was obviously coined to serve a remedial purpose in a matter addressed primarily to the conscience of the court and it should therefore be interpreted with commensurate liberality, not only to prevent a manifest injustice but to avoid a threatened one, especially in cases tried without a jury where evidence on one side only is presented.

*Summers v. Clayton*, 500 S.W.2d 28, 30 (Mo. App.1973).

At common law, a confession of judgment was "entered for plaintiff in a case where the defendant, instead of entering a plea, confessed the action, or at any time before trial confessed the action and withdrew his plea." *Fritzsche v. East Texas Motor Freight Lines*, 405 S.W.2d 541, 544 (Mo.App.1966).

In considering this appeal, we recognize that it is the policy of the law to try and determine cases on their merits when that will not result in harmful delay. *Summers*, 500 S.W.2d at 30. Although a motion to vacate a judgment of confession is ad-

dressed to the sound discretion of the trial court, it may be disturbed on appeal for abuse of discretion. *Fritzsche*, 405 S.W.2d at 545. "When the trial court's ruling clearly offends the logic of the circumstances or when it becomes arbitrary or unreasonable, the appellate court will find an abuse of discretion." *Jennings v. City of Kansas City*, 812 S.W.2d 724, 736 (Mo.App.1991).

No abuse of discretion was found in *Fritzsche* when the trial court overruled the plaintiff's motion to set aside a confession of judgment. *Fritzsche*, 405 S.W.2d at 545. In *Fritzsche*, the plaintiff attacked the confession judgment on procedural grounds. *Id.* at 544. The *Fritzsche* court affirmed the trial court's judgment because the plaintiff did not state "other grounds of an equitable nature sufficient to move the court in the exercise of its discretion to set aside the judgment." *Id.* at 545.

This case is distinguishable from *Fritzsche*. Plaintiff is not complaining of mere procedural defects in the confession of judgment, but rather seeks relief on equitable grounds, claiming the trial court abused its discretion in refusing to vacate the judgment.

The trial court sustained the plaintiff's motion to set aside the judgment of confession in *Romine v. Labruyere*, 648 S.W.2d 217, 218 (Mo.App.1983). In *Romine*, the plaintiff originally sued for $25,000 in damages for his bodily injuries. *Id.* Approximately thirteen days later, the defendant confessed judgment in the sum of $25,000 plus costs. *Id.* This court affirmed the trial court's judgment, holding there was good cause to set aside the confession judgment because the plaintiff did not receive his hospital records until after the judgment of confession was entered and was therefore unaware of the true extent of his injuries. *Id.*

Here, the defendant knew that the plaintiff had just retained a new attorney to represent her. He was informed by plaintiff's new attorney that plaintiff had undergone additional surgery, increasing her medical costs. The plaintiff demanded settlement in excess of $50,000 the morning of the very day defendant confessed judgment. Defendant was thus aware that the prayer no longer reflected the plaintiff's actual demand for damages and rushed to confess judgment before plaintiff's new attorney could amend the petition. Under these circumstances, we hold that there was good cause to set aside the judgment and that the trial court abused its discretion in denying plaintiff's motion to vacate defendant's confession of judgment.

We reverse and remand.

CRANE, P.J., and DOWD, J., concur.